The STATE of Ohio, Appellee,

v.

LISTON, Appellant.

[Cite as *State v. Liston* (1991), 70 Ohio App.3d 663.]

Court of Appeals of Ohio,
Lake County.

No. 90–L–14–049.

Decided April 2, 1991.

*Steven C. LaTourette*, Prosecuting Attorney, and *Jeffrey W. Fram*, Assistant Prosecuting Attorney, for appellee.

*R. Paul LaPlante*, County Public Defender, and *Jeffrey C. Ferkol*, Assistant County Public Defender, for appellant.

---

JOSEPH E. MAHONEY, Judge.

The following is an agreed statement of facts which has been approved by the trial court pursuant to App.R. 9(C) and (D):

"On July 29, 1989, Aleta I. Liston (defendant-appellant) went to a Sears store in Cuyahoga County, Ohio. Using the credit card of another person, appellant obtained various items of property. Appellant was later charged, in Cuyahoga County, Case Number CR 244332, with Theft, a felony of the fourth degree, as the property was valued at being more than $300, but less than $5,000.

"On August 1, 1989, appellant went to a Sears store in the City of Mentor, Lake County, Ohio. At the Lake County store, appellant attempted to return a portion of the property she obtained in Cuyahoga County. Store security detained appellant, due to this activity, and contacted the Mentor Police Department. Appellant was then found to have on her person Sears gift certificates, also a portion of the property she obtained in Cuyahoga County. Appellant was charged, in Lake County, Case Number 89–CR–231, with Attempted Theft, a misdemeanor of the first degree, and Receiving Stolen Property, a felony of the fourth degree.

"Appellant has pled [to] and has been sentenced on Grand Theft, in Cuyahoga County. Appellant, thereby, filed a Motion to Dismiss the Lake County Case, asserting that the pending Lake County charges subject her to double jeopardy in violation of Article I, Section 10 of the Ohio State Constitution, Ohio Revised Code Section 2941.25, and the Fifth and Fourteenth Amendments to the United States Constitution * * * ; appellant filed a Brief in Support on March 2, 1990. * * * Appellee filed a Brief in Opposition on March 20, 1990. * * * On March 28, 1990, the trial court denied the appellant's Motion to Dismiss. * * *"

Appellant now appeals the denial of her motion to dismiss and assigns the following as error:

"The trial court erred to the prejudice of appellant in overruling appellant's motion to dismiss."

Appellant argues that the Lake County charges, attempted theft and receiving stolen property, stem from one course of criminal conduct and, thus, are allied offenses of similar import with the theft charge in Cuyahoga County and, thus, appellant can only be convicted of one. Since appellant was already convicted of the Cuyahoga County charge, appellant contends the Lake County charges should be dismissed because they are allied offenses of similar import.

Appellant further argues that, since the charges stem from a single course of criminal conduct and she has already been convicted of theft in Cuyahoga County, double jeopardy principles preclude another prosecution in Lake County.

R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

In *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, the Supreme Court set forth a two-tiered test for determining whether multiple crimes are allied offenses of similar import. The court held at the syllabus:

"Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. (*State v. Blankenship* [1988], 38 Ohio St.3d 116, 117, 526 N.E.2d 816, 817, approved and

followed.)" (Emphasis supplied.) See, also, *State v. Mughni* (1987), 33 Ohio St.3d 65, 514 N.E.2d 870; *State v. Talley* (1985), 18 Ohio St.3d 152, 18 OBR 210, 480 N.E.2d 439; *State v. Logan* (1979), 60 Ohio St.2d 126, 14 O.O.3d 373, 397 N.E.2d 1345.

Applying the two-tiered test to the case *sub judice,* we conclude that theft and receiving stolen property are allied offenses of similar import. See *Maumee v. Geiger* (1976), 45 Ohio St.2d 238, 74 O.O.2d 380, 344 N.E.2d 133; *In re Siegrist* (Nov. 6, 1984), Lake App. No. 10–256, unreported, 1984 WL 6411.

Next, we must determine whether the appellant can be convicted of both the Cuyahoga County theft charge and the Lake County attempted theft and receiving stolen property charges.

The Cuyahoga County theft charge related to appellant's obtaining property by using a stolen credit card. The Lake County charge of attempted theft related to appellant's trying to exchange the stolen property for cash or other property three days after the initial theft in another store and another county. Clearly, these two crimes were committed separately and with a separate animus and, thus, under R.C. 2941.25(B), appellant may be convicted of both.

However, the theft charge and the receiving stolen property charge were not committed separately or with a separate animus. When appellant committed the Cuyahoga County theft, she simultaneously received stolen property. Consequently, these two charges are allied offenses of similar import committed simultaneously with the same animus. Therefore, appellant may be convicted of only one. Since she was already convicted of theft in Cuyahoga County, the Lake County charge of receiving stolen property must be dismissed.

In support of the double jeopardy claim, appellant cites *State v. Urvan* (1982), 4 Ohio App.3d 151, 4 OBR 244, 446 N.E.2d 1161, arguing that appellee is not permitted to use county lines to create multiple prosecutions involving the same type of criminal conduct. This argument is well taken as it applies to the charge of receiving stolen property.

Accordingly, appellant's assignment of error is sustained as to the charge of receiving stolen property.

For the foregoing reasons, the trial court's judgment as to the Lake County charge of receiving stolen property is reversed, and judgment is entered for appellant on that charge only. The trial court's judgment denying the motion to dismiss the Lake County charge of attempted theft is affirmed; and this

matter is remanded for further proceedings as to the attempted theft charge consistent with this opinion.

*Judgment accordingly.*

CHRISTLEY, P.J., and FORD, J., concur.