THE STATE OF OHIO, APPELLANT, *v.* LARABEE, APPELLEE.

[Cite as *State v. Larabee* (1994), 69 Ohio St.3d 357.]

(No. 93–200—Submitted January 25, 1994—Decided May 25, 1994.)

*Richard L. Ross,* Special Prosecutor, for appellant.

*Lantz, Lantz & Lipp* and *Charles Lantz;* and *Harry R. Reinhart,* for appellee.

*Terry L. Hord,* Hardin County Prosecuting Attorney, urging reversal for *amicus curiae,* Ohio Prosecuting Attorneys Association.

---

Pfeifer, J.   The issue before us is whether the court of appeals correctly dismissed the state's appeal.   For the following reasons, we find that the dismissal by the court of appeals was improper.

In oral argument, appellee with candor declined to support the court of appeals' conclusion that jeopardy had attached when the trial court granted the appellee's motion to dismiss.

Appellee's concession was prudent because the conclusion of the court of appeals is not supported by the law.   "Termination of a proceeding before jeopardy has attached, even if harmful to the defendant in some way, does not entitle him to relief under the double jeopardy clause, while termination thereafter is a bar to reprosecution if it was by acquittal or conviction or by other means not justified by a 'manifest necessity.'"   LaFave & Israel, Criminal Procedure (1985) 900, Section 24.1(c).

The United States Supreme Court case of *Serfass v. United States* (1975), 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265, applies this rule of law and is completely dispositive of the case before us.   The *Serfass* court held that jeopardy did not attach when a trial court granted a pretrial motion to dismiss an indictment after receiving evidence, stipulations and arguments relative to the motion.   In *Serfass,*

the government, through an indictment, charged the defendant with failing to report for and submit to induction into the armed forces. In response to this indictment, the defendant moved for dismissal based on the fact that he had filed for conscientious objector status and that his draft board had wrongly refused to reopen his file. After reviewing evidence presented by the defendant, the trial court dismissed the indictment against him.

The government appealed this dismissal. In his brief attempting to quash the government's appeal, Serfass argued that the appellate court lacked jurisdiction because further prosecution was prohibited by the Double Jeopardy Clause of the Fifth Amendment. The court of appeals rejected this contention.

The United States Supreme Court also rejected the defendant's argument, holding that "[w]ithout risk of determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy." *Id.* at 391–392, 95 S.Ct. at 1064, 43 L.Ed.2d at 276. Applying this test to the facts before it, the *Serfass* court held that jeopardy had not attached when the trial court dismissed the indictment.

The *Serfass* court also rejected the defendant's argument that double jeopardy had attached because the trial court's dismissal of the indictment on the merits of the case was a "functional equivalent of an acquittal on the merits." *Id.* at 392, 95 S.Ct. at 1064, 43 L.Ed.2d at 276.[1] Because double jeopardy occurs when the government appeals an acquittal on the merits, the defendant argued that appellate review of the dismissal of the indictment was not permissible. The court reasoned that "an accused must suffer jeopardy before he can suffer double jeopardy." *Id.* at 393, 95 S.Ct. at 1065, 43 L.Ed.2d at 277. Because jeopardy had not attached to the pretrial procedure, the defendant was precluded from asserting a double jeopardy defense.

By applying *Serfass* to the case before us, we conclude that jeopardy did not attach when the trial court granted the appellee's motion to dismiss the indictment. The relevant facts in this case are indistinguishable from those in *Serfass*. Because the defendant in this case had not waived his right to a jury trial, there was no risk that he could have been found guilty at the pretrial hearing. Thus, the court of appeals erred when it found jeopardy had attached.

Pursuant to R.C. 2945.67(A), the state may appeal the "decision of a trial court in a criminal case * * * which * * * grants a motion to dismiss all or any part of

---

1. This argument made by the defendant in *Serfass* is strikingly similar to the analysis of the court of appeals in the case before us, which held that "under the particular facts of this case, the dismissal was tantamount to a judgment of acquittal * * *."

an indictment * * *." [2]  Therefore, we reverse and remand this cause to the court of appeals to address the merits of the state's appeal.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

---

2.  The full text of R.C. 2945.67(A) provides:

"A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter or [of] right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case."