OPINION
{¶ 1} Defendant-appellant Mark A. Brooks appeals from a decision of the Miami County Municipal Court in Case No. 2003-TRD-15776 in which he was convicted of operating a motor vehicle left of the center lines and failure to maintain proper lanes of traffic. Brooks was assessed fines and costs, and the trial court limited his driving privileges to traveling to and from work, probation, and counseling. For the following reasons, we reverse the decision of the trial court and vacate Brooks' convictions.
 I {¶ 2} On October 3, 2003, Tipp City Police Officer Bruce Mancz stopped and cited Brooks for allegedly operating his vehicle left of the center line while traveling northbound on North Hyatt Street in Tipp City, Ohio. The case was allegedly dismissed "without prejudice" on October 15, 2003. The trial in this matter had been scheduled for October 28, 2003.
 {¶ 3} On November 6, 2003, the initial citation against Brooks was refiled, and the citation was modified to include an additional charge of failure to maintain proper lanes of traffic. After a trial to the bench on January 6, 2003, Brooks was found guilty on both charges. It is from this judgment that Brooks now appeals.
 II {¶ 4} In his brief, Brooks presents his assignments of error as "Statements of Issues." We will treat said "Statements" as assigned errors for the purpose of this appeal.
 {¶ 5} Brooks' first assignment is as follows:
 {¶ 6} "Whether or not double jeopardy attaches when the prosecutor re-files charges after a voluntary dismissal if no additional evidence is acquired in the case."
 {¶ 7} In his first assignment, Brooks contends that the trial court erred when it allowed the State to re-file its case against him after the original citation captioned 2003-TRD-14396 had been dismissed "without prejudice" on October 15, 2003. Brooks argues that the prosecution had no additional evidence whereby it could re-file the original citation and also add a second violation of the traffic code. This action taken by the State, Brooks asserts, is a violation of the Double Jeopardy clauses of Article I § 10 of the Ohio Constitution and the Fifth Amendment of the United States Constitution. We disagree with Brooks that the proceedings below implicated his double jeopardy rights.
 {¶ 8} Preliminarily, the Fifth Amendment's bar to double jeopardy is applicable to state proceedings by virtue of the Fourteenth Amendment. See, Benton v. Maryland (1969), 395 U.S. 784, 89 S.Ct. 2056. In a jury trial, jeopardy attaches when the jury is empaneled and sworn. Downum v.United States (1963), 372 U.S. 734, 83 S.Ct. 1033. In a bench trial, jeopardy attaches when the court first hears evidence. United States v.Martin Linen Supply Co. (1977), 430 U.S. 564, 97 S.Ct. 1349. Since dismissal of the original ticket against Brooks occurred before jeopardy attached, the re-filing of the citation was not barred by double jeopardy.
 {¶ 9} Brooks' first assignment of error is overruled.
 III {¶ 10} Brooks' second assignment is as follows:
 {¶ 11} "Whether or not a case should be dismissed for malicious prosecution if charges are re-filed against the prosecutor's discretion as a result of political pressure."
 {¶ 12} In his second assignment, Brooks contends that the trial court erred by allowing the State to maliciously re-file the ticket against him after the State allegedly received pressure from the issuing officer, the Tipp City Chief of Police, and the Miami County Sheriff to reinstate the ticket with an additional violation.
 {¶ 13} The decision whether to prosecute a criminal (traffic) offense is generally left to the discretion of the prosecutor. United States v.Armstrong (1996), 517 U.S. 456, 464, 116 S.Ct. 1480. That discretion is, however, subject to constitutional equal-protection principles, which prohibit prosecutors from selectively prosecuting individuals based on "`an unjustifiable standard such as race, religion, or other arbitrary classification.'" Id., quoting Oyler v. Boles (1962), 368 U.S. 448, 456,82 S.Ct. 501. Although a selective-prosecution claim is not a defense on the merits to the criminal charge itself, a defendant may raise it as an "independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." State v. Getsy (1998),84 Ohio St.3d 180, 203, 702 N.E.2d 866.
 {¶ 14} With the exception of Brooks' unsubstantiated allegations, we can glean nothing substantive from the record to suggest that the actions taken by the State were in any way motivated by prosecutorial vindictiveness or political pressure. Moreover, Brooks fails to demonstrate how any of his Constitutional rights were violated.
 {¶ 15} Brooks' second assignment is error is overruled.
 IV {¶ 16} Brooks' third and final assignment is as follows:
 {¶ 17} "Whether or not prejudice attaches to an additional charge upon refiling if no further evidence is relevant and the additional charge adjoined is under a different ordinance for the same alleged violation."
 {¶ 18} Initially, it should be noted that we find that the journal entry of the trial court for October 15, 2003, indicates that Case No. 2003-TRD-14396 was dismissed "with prejudice." "A court of record speaks only through its journal entries." Gaskins v. Shiplevy (1996),76 Ohio St.3d 380, 382, 667 N.E.2d 1194. The State, as well as Brooks, rely on a section of the journal entry which states that the original matter was dismissed "W/O P," or without prejudice. What each party fails to note, however, is that column marked "ENTRY" indicates the case was "Dismiss[ed] W/Pred" or dismissed with prejudice. A dismissal with prejudice is a complete bar to prosecution on the original citation. Thus, the State is barred from re-filing the original ticket for operating a motor vehicle left of the center lines since it had been dismissed with prejudice.
 {¶ 19} With respect to the portion of the re-filed citation charging Brooks with operating a motor vehicle left of the center lines, the judgment of the trial court will be reversed.
 {¶ 20} Brooks argues persuasively that prejudice should attach to the second violation contained in the re-filing, since the State was not relying upon any new evidence of additional traffic violations committed by appellant. The State argues that it was within its discretion to file the additional violation for failure to maintain proper lanes of traffic and that it did not violate any law in doing so.
 {¶ 21} The evidence in the record, however, that purports to support the State's decision to add the second violation of failure to maintain proper lanes is a letter drafted by Officer Mancz of the Tipp City Police Force which was filed and time-stamped on October 6, 2003. In the letter, Officer Mancz details why he initiated the original traffic stop for which Brooks was cited solely for operating a motor vehicle left of the center lines. The letter reveals no basis for anything other than a singular violation for left of center. Officer Mancz was the officer who personally issued the initial traffic citation as well as witnessed said violation. We find that Mancz's own written narrative of the events that occurred contain no basis in fact for an additional separate violation of a like and similar nature. This is clearly an end-run around the initial dismissal with prejudice. Thus, it was error for the trial court to find Brooks guilty of failure to maintain proper lanes.
 {¶ 22} Brooks' final assignment of error is sustained.
 V {¶ 23} Combined with our finding that the original citation was dismissed with prejudice, and Brooks' final assignment of error having been sustained, the judgment of the Miami County Municipal Court is reversed, and vacated.
 {¶ 24} Judgment reversed, and convictions vacated.
Young, J., concurs.
Grady, J., concurring and dissenting:
 {¶ 25} I agree that the trial court's dismissal "with prejudice" of the left of center charge on October 15, 2003, barred its refiling on November 6, 2003. Therefore, Defendant's conviction for that offense is void. I do not agree, however, that his conviction for the companion offense of a marked lanes violation, which was also filed on October 15, 2003, is likewise defective.
 {¶ 26} The left of center and marked lanes violations represent different offenses. Therefore, double jeopardy does not bar one unless in a prior proceeding a question of fact common to both was determined on its merits in the defendant's favor. Then, the State is collaterally estopped from commencing the subsequent prosecution. Ashe v. Swanson
(1970), 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469. The doctrine has been applied by the Supreme Court of Ohio, albeit in a case in which the defendant had already been acquitted of the felony underlying the charge currently against him. See State v. Libertore (1983), 4 Ohio St.3d 13.
 {¶ 27} The dismissal with prejudice of the left of center charge that the trial court entered on October 15, 2003, merely terminated the action on that claim and barred its refiling. It was not a determination of the charge on its merits in Defendant-Appellant's favor. Therefore, and notwithstanding the fact that the subsequent marked lanes violation may have arisen out of the same facts, the prior dismissal of the left of center charge determined no facts that might collaterally estop prosecution of the marked lanes violation.
 {¶ 28} The majority nevertheless finds the necessary commonality in a letter the charging officer sent to the court. Whether the letter or its contents were the grounds on which the court dismissed the left of center charge is immaterial, at least for these purposes, because the dismissal contained no finding of fact in the Defendant's favor that could bar the subsequent marked lanes charge.
 {¶ 29} Even if, as the majority appears to believe, the charging officer was unduly officious in pursuing Defendant-Appellant, the fact remains that he was convicted after a trial to the court of the marked lanes charge, which was not barred by the prior dismissal of the left of center charge. I would affirm the trial court's judgment. (Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).