The STATE of Ohio, Appellant,

v.

BARANSKI, Appellee.

[Cite as *State v. Baranski,* 173 Ohio App.3d 410, 2007-Ohio-4072.]

Court of Appeals of Ohio,
Fourth District, Scioto County.

No. 06CA3064.

Decided Aug. 7, 2007.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Joseph L. Hale, Assistant Prosecuting Attorney, for appellant.

Gottlieb, Johnston, Beam & Dal Ponte, P.L.L., and Cole J. Gerstner, for appellee.

HARSHA, Judge.

{¶ 1} The state of Ohio appeals from a dismissal on double-jeopardy grounds of an indictment against Keith Baranski for receiving stolen property ("RSP"). The trial court had previously dismissed an indictment charging Baranski with theft of the same property involved in the RSP charge. The state asserts that the trial court erred in dismissing the RSP indictment because dismissal of the theft charge did not place Baranski in jeopardy for purposes of reindicting him. We agree. Jeopardy attaches in a jury trial when the jury is sworn, and it attaches in a bench trial when the first witness is sworn. It also attaches upon a plea and a finding of guilty. None of those events occurred in the earlier theft proceedings.

{¶ 2} Logic tells us that before one can claim the protection against double jeopardy in a subsequent prosecution, the accused must have been subject to jeopardy in the first instance. Because jeopardy did not attach in the theft case, a double-jeopardy defense was not available to Baranski in the subsequent RSP matter. Thus, the trial court erred in dismissing the indictment on the basis of double jeopardy.

## I. FACTS

{¶ 3} In February 2004, the Scioto County Grand Jury indicted Keith Baranski, who was incarcerated in Pennsylvania, on one count of theft from an elderly person. Eventually, Baranski was transferred to Ohio under the Interstate Agreement on Detainers ("IAD"), and the case was set for trial. In November

2004, the trial court dismissed the theft indictment with prejudice because Baranski had not been brought to trial within the 120–day time limit specified in the IAD. The state signed its approval of the court's judgment entry of dismissal, but subsequently appealed that decision. We affirmed the dismissal of the theft case in *State v. Baranski*, Scioto App. No. 04CA2971, 2005-Ohio-4956, 2005 WL 2296644 ("*Baranski I* ").

{¶ 4} Before we rendered our decision, the state obtained a new indictment against Baranski for RSP in violation of R.C. 2913.51(A). The second indictment alleged that Baranski "did receive, retain or dispose" the same property (a collection of Indian artifacts) from the same victims on the same date specified in the previous theft indictment.

{¶ 5} Baranski filed a motion to dismiss the new indictment on double-jeopardy grounds. He asserted that jeopardy attached when the theft case "was filed." He also argued that when the property taken is identical to the property received, theft and RSP are clearly "allied offenses of similar import" under R.C. 2941.25(A). Thus, he claimed that double jeopardy barred the state from bringing the successive prosecution against him. Upon finding that "the offense of Receiving Stolen Property and Theft of that same property constitute allied offenses of similar import," the trial court granted Baranski's motion to dismiss on the grounds of double jeopardy.

## II. ASSIGNMENT OF ERROR

{¶ 6} In this appeal, the state asserts that "the trial court erred in dismissing the indictment against appellee [Baranski]." Because this contention depends upon the application of constitutional law, we review it on a de novo basis.

## III. DOUBLE JEOPARDY

{¶ 7} Baranski's motion to dismiss was based upon double-jeopardy grounds, which protect an accused against a second prosecution for the "same offense" after an "acquittal" and after a "conviction," as well as providing protection against multiple punishments for the same offense. *State v. Moss* (1982), 69 Ohio St.2d 515, 518, 23 O.O.3d 447, 433 N.E.2d 181, citing *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656. However, the protections under the state and federal double jeopardy clauses are implicated only when the accused has actually been placed in jeopardy. *Serfass v. United States* (1975), 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265. Contrary to Baranski's assertion, jeopardy did not attach upon the filing of an indictment for theft in the first case. Jeopardy attaches in a bench trial when the court first hears evidence and in a jury trial when the jury is empaneled and sworn. *State v. Meade* (1997), 80 Ohio St.3d 419, 424, 687 N.E.2d 278, citing *United States v.*

*Martin Linen Supply Co.* (1977), 430 U.S. 564, 569, 97 S.Ct. 1349, 51 L.Ed.2d 642. Jeopardy would also attach upon a plea of guilty or no contest and a subsequent finding of guilt by the trial court. However, none of those events occurred in the theft proceedings.

{¶ 8} Because the trial court granted the motion to dismiss the indictment before jeopardy attached, the state was not prohibited by double-jeopardy concerns from reindicting Baranski. *State v. Larabee* (1994), 69 Ohio St.3d 357, 358–359, 632 N.E.2d 511, and paragraph two of the syllabus, citing *Serfass,* (without risk of determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy); see, also, *Tipp City v. Brooks,* Miami App. No. 2004–CA–7, 2005-Ohio-3174, 2005 WL 1490133, at ¶ 8. Thus, the trial court erred as a matter of law in dismissing the indictment.

{¶ 9} Baranski apparently convinced the trial court that an allied-offense-of-similar-import analysis mandated dismissal based upon double jeopardy. In addition to the flaw in Baranski's reasoning concerning when jeopardy attaches, he also relies on substantive law that has no applicability to our facts. He cites a number of cases for the proposition that theft and RSP are allied offenses of similar import, see, especially, *State v. Yarbrough,* 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, at ¶ 99. Thus, he correctly contends that an accused cannot be convicted and sentenced for both crimes when they involve the same property. See, e.g., *State v. Liston* (1991), 70 Ohio App.3d 663, 591 N.E.2d 879. However, these cases and his allied-offense-of-similar-import analysis have no application here because Baranski has not been convicted of theft or any related crime based on these facts. Just as we must have an initial attachment of jeopardy before double-jeopardy concerns arise, we must also have a conviction on one offense before we can conduct an allied-offense-of-similar-import analysis concerning a second conviction. The allied-offense statute, R.C. 2941.25, codifies the judicial doctrine of merger by prohibiting multiple sentences upon conviction for the same conduct when it is not committed with a separate animus. See *State v. Roberts* (1980), 62 Ohio St.2d 170, 172–173, 16 O.O.3d 201, 405 N.E.2d 247. It has no application here because the state may charge an accused with both offenses even when they arise from the same conduct and involve the same property. It is only the multiple punishments for both crimes that the statute seeks to merge. *State v. McGuire* (1997), 80 Ohio St.3d 390, 399, 686 N.E.2d 1112.

## IV. CONCLUSION

{¶ 10} For the first time, Baranski asserts several other bases under which dismissal may have been appropriate and asks us to consider them in reviewing the judgment. We decline to do so because they were not raised in the motion

414

before the trial court, and to address them would essentially require us to usurp its role as the initial decision-maker. See *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 360, 604 N.E.2d 138. Likewise, there is no evidence in the record in this case that confirms that the dismissal in the theft case was "with prejudice." Upon remand, Baranski can pursue the issues of collateral estoppel and timeliness under both the Interstate Agreement on Detainers and the speedy-trial statute.

Judgment reversed
and cause remanded.

ABELE and KLINE, JJ., concur.