OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, and the parties' briefs. Pro-se appellant, John W. Kelly, appeals the June 16, 2008 decision of the Columbiana County Court of Common Pleas that denied his petition for post-conviction relief regarding his OVI conviction in Case No. 2007-CR-278.
 {¶ 2} Kelly argues that the sentencing court violated the double jeopardy clause by using the facts that are the basis of this case in order to augment his sentence by an additional two years in a separate OVI case (Case. No. 2007-CR-73), and then using those same facts to convict and sentence Kelly to one year in prison in this case. Kelly further argues that he was deprived of the effective assistance of counsel, and that the trial court abused its discretion in not granting Kelly's petition for post-conviction relief.
 {¶ 3} Kelly did receive two convictions for drunk driving, but they were founded on two separate offenses which Kelly committed on different dates. Thus no double jeopardy violation occurred within this case, and counsel was not ineffective in failing to raise that issue. Accordingly, the trial court did not abuse its discretion in dismissing Kelly's petition, and its judgment is affirmed.
 Facts and Procedural History {¶ 4} Because Kelly's double jeopardy claim involves two separate cases, he attached the March 31, 2008 judgment entry for Case No. 2007-CR-73 to his petition for post conviction relief for Case No. 2007-CR-278. The pertinent history of Kelly's earlier case (2007-CR-73) is described below in addition to the history of the case sub judice (2007-CR-278).
 07-CR-73 {¶ 5} Around March 2, 2007, before the incident that gave rise to this case, Kelly was arrested for a violation of R.C. 4511.19(A)(1)(a), Driving While Under the Influence of Alcohol or Drugs. On June 27, 2007, Kelly entered a guilty plea. As part of Kelly's plea negotiation, the State agreed to recommend a three year sentence. On October 2, 2007, the trial court rejected the State's recommendation and imposed a five year sentence. On March 20, 2008, Kelly moved nunc pro tunc for a withdrawal of his guilty plea and a change of sentence, due to the court's departure from the recommended three year *Page 2 
sentence. On March 31, 2008, the sentencing court denied Kelly's motion to withdraw his guilty plea. The court noted that during the Crim. R. 11 colloquy with Kelly, it had communicated its ability to upwardly depart from the State's recommendation. The court identified Kelly's two intervening arrests (the September 2, 2007 arrest charged in Case No. 07-CR-278, and another arrest which did not result in charges) as factors considered in its decision to increase the sentence that had been recommended by the State. On May 9, 2008, Kelly filed a delayed appeal for Case No. 2007-CR-73, and this court affirmed his conviction and sentence, State v. Kelly, 7th Dist. No. 08 CO 17, 2009-Ohio-1035.
 07-CR-278 {¶ 6} On September 2, 2007, Kelly was arrested for another violation of R.C. 4511.19(A)(1)(a), Driving While Under the Influence of Alcohol or Drugs. On October 26, 2007, Kelly was indicted for the September 2 violation, designated Case No. 2007-CR-278. The indictment included a specification pursuant to R.C. 2941.1413, due to Kelly's guilty pleas or convictions for five or more identical or equivalent offenses within the last twenty years, and included the March 2007 arrest. Kelly initially entered a plea of not guilty. On March 28, 2008, Kelly changed his plea to guilty, and the trial court imposed the statutory minimum sentence of one year, to be served consecutively to the five year sentence Kelly had received in Case No. 2007-CR-73.
 {¶ 7} On May 8, 2008, Kelly filed a Petition for Post-conviction Relief in Case No. 2007-CR-278, claiming ineffective assistance of counsel and double jeopardy violation because his September 2 offense was punished both in the augmentation of his sentence in 2007-CR 73, and the imposition of the sentence in 2007-CR-278. The trial court denied Kelly's Motion for Post-conviction Relief on June 16, 2008.
 Ineffective Assistance of Counsel {¶ 8} In his first of three assignments of error, Kelly asserts:
 {¶ 9} "Appellant received ineffective assistance of his appointed counsel pursuant to the total inability to ensure due process equal protection of the law would prevail."
 {¶ 10} Kelly contends that because his trial counsel was also his counsel in the *Page 3 
other OVI proceeding, counsel was aware of the double jeopardy issue and failed to object or otherwise raise the issue with the trial court.
 {¶ 11} The entry of a guilty plea waives claims for ineffective assistance of counsel, except for the claim that the ineffective assistance caused the defendant's plea to be less than voluntary, knowing and intelligent. State v. Buchanan, 7th Dist. No. 05 MA 60,2006-Ohio-5653, at ¶ 17. Kelly does not argue that his plea was less than voluntary, knowing and intelligent, and has thus waived the issue for appeal.
 {¶ 12} Moreover, Kelly's claim of ineffective assistance of counsel fails under the regular analysis. To prove a claim of ineffective assistance of counsel, the appellant must satisfy a two-pronged test. First, the appellant must establish that counsel's performance fell below an objective standard of reasonable representation. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674;State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. Second, the appellant must demonstrate that he was prejudiced by counsel's performance. Id. To show that he has been prejudiced by counsel's deficient performance, the appellant must prove that, but for counsel's errors, the result of the proceedings would have been different. Bradley at paragraph three of the syllabus.
 {¶ 13} The appellant bears the burden of proving counsel's alleged ineffectiveness, since the law of Ohio presumes that a licensed attorney is competent. State v. Calhoun, 86 Ohio St.3d 279, 289, 1999-Ohio-102,714 N.E.2d 905. If an appellant cannot show how counsel's errors undermined the reliability of the court's decision, there is no basis for finding that appellant's right to counsel had been violated.State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, at ¶ 109; Strickland at 693.
 {¶ 14} Kelly's ineffective assistance claim is based solely on his argument regarding the trial court's double jeopardy violation. Kelly indicates that his two OVI sentences speak for themselves in proving ineffective assistance of counsel. There is no other evidence in the record regarding counsel's actions. As we discuss below in Kelly's second assignment of error, the trial court did not commit a double jeopardy violation by imposing a one-year minimum sentence for an offense which was also referenced as a *Page 4 
recidivism factor in another case. Because there was no double jeopardy violation, Kelly's attorney cannot have fallen below the objective standard of reasonable representation for failing to address or object to the alleged double jeopardy issue. Kelly has thus not satisfied the first prong of the Strickland test. Accordingly Kelly's first assignment of error is meritless.
 Double Jeopardy {¶ 15} In his second of three assignments of error, Kelly asserts:
 {¶ 16} "It is plain error to convict and sentence a criminal defendant when such offends double jeopardy protections."
 {¶ 17} Kelly contends that the sentencing court violated the double jeopardy clause by considering the facts of the same offense in two separate cases, resulting in multiple punishments for the same offense. Kelly asserts that his offense on September 2, 2007 was punished both through the two-year increase in his sentence for Case No. 2007-CR-73, as well as his conviction and one-year sentence for Case No. 2007-CR-278. Kelly's argument fails for two reasons. First, the sentencing court had the broad discretion to consider any factors relevant to the likelihood of recidivism, including intervening arrests, to augment his sentence within the permitted statutory range. Second, the issue of double jeopardy does not arise in this situation, because jeopardy did not attach to Kelly's September 2, 2007 offense when the sentencing court made reference to it during a sentencing hearing for an offense that Kelly committed separately on March 2, 2007.
 {¶ 18} The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect a defendant from successive prosecutions and multiple punishments for the same offense. Benton v. Maryland (1969),395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707; State v. Rance, 85 Ohio St.3d 632,634, 1999-Ohio-291, 710 N.E.2d 699.
 {¶ 19} However, a court is permitted to weigh many factors, including arrests for other crimes, when imposing a sentence. City of Youngstownv. Cohen, 7th Dist. No. 07 MA 16, 2008-Ohio-1191, at ¶ 86, quotingState v. Burton (1977), 52 Ohio St.2d 21, 23, 6 O.O.3d 84,368 N.E.2d 297. A sentencing court's purpose is "to acquire a thorough grasp *Page 5 
of the character and history of the defendant before it. The court's consideration ought to encompass negative as well as favorable data. Few things can be so relevant as other criminal activity of the defendant."Burton at 23. "To argue that the presumption of innocence is affronted by considering unproved criminal activity is as implausible as taking the double jeopardy clause to bar reference to past convictions." Id., quoting United States v. Doyle (C.A.2 1965), 348 F.2d 715, 721, certiorari denied 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965);United States v. Metz (C.A.3, 1972), 470 F.2d 1140, certiorari denied411 U.S. 919, 93 S.Ct. 1558, 36 L.Ed.2d 311 (1973).
 {¶ 20} The sentencing court considered Kelly's arrest on September 2, 2007, along with an additional arrest that did not result in charges, when imposing Kelly's sentence in Case. No. 2007-CR-73. The guilty plea for that case was based on a completely separate offense, committed around March 2, 2007. The sentencing court's consideration of intervening arrests was within the dictates of Ohio's laws, and thus the court did not violate the Double Jeopardy Clause or otherwise abuse its discretion
 {¶ 21} Additionally, the court's consideration of Kelly's September 2, 2007 arrest in a prior sentencing did not bar the separate prosecution of the incident in Case No. 2007-CR-278, because jeopardy for that offense did not arise in the prior sentencing hearing for Case No. 2007-CR-73 from the judge's mere consideration of the arrest for purposes of sentencing.
 {¶ 22} Protections from double jeopardy are only triggered when a defendant has actually been placed in jeopardy. State v. Baranski,173 Ohio App.3d 410, 2007-Ohio-4072, 878 N.E.2d 1058, at ¶ 7, citingSerfass v. United States (1975), 420 U.S. 377, 95 S.Ct. 1055,43 L.Ed.2d 265. The consideration of Kelly's September 2, 2007 intervening arrest in the October 2, 2007 sentencing hearing for the separate Case No. 2007-CR-73 did not cause jeopardy to arise in relation to the September 2 offense because it was a sentencing hearing, not a trial or plea. Just as consideration of prior convictions during sentencing does not raise a double jeopardy issue, the issue similarly does not arise when considering intervening arrests. Burton, supra.
 {¶ 23} The trial court exercised its broad discretion in considering Kelly's *Page 6 
September 2, 2007 arrest when sentencing Kelly for a separately committed crime, and jeopardy did not arise in relation to Kelly's September 2 offense in that context. Accordingly, the trial court did not commit a double jeopardy violation, and Kelly's second assignment of error is meritless.
 Abuse of Discretion {¶ 24} In his third and final assignment of error, Kelly asserts:
 {¶ 25} "Trial court abused its discretion in refusing to grant post-conviction relief for an unequivocal infringement of substantive constitutional rights."
 {¶ 26} Kelly contends that the trial court committed an abuse of discretion by disregarding the constitutional violations present in Kelly's case when it denied his Petition for Post-conviction Relief.
 {¶ 27} R.C. 2953.21 governs petitions for post-conviction relief. A petitioner for post-conviction relief must provide evidence of sufficient operative facts to demonstrate a cognizable claim of a constitutional error. State v. Kapper (1983), 5 Ohio St.3d 36, 37-38, 5 OBR 94, 448 N.E.2d 823. A trial court's duty in the post-conviction process is to "consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner * * *. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal." R.C. 2953.21(C). The trial court's decision pursuant to R.C. 2953.21(C) "is a mixed question of law and fact, which means that factual issues are reviewed under a manifest weight of the evidence standard, and legal issues are reviewed de novo." State v. Rector, 7th Dist. No. 04 CA 810, 2005-Ohio-6944, at ¶ 16, citing State v. Williams, 162 Ohio App.3d 55, 2005-Ohio-3366,832 N.E.2d 783, at ¶ 24.
 {¶ 28} The existence of Kelly's arrests and convictions are not contested in this case, thus findings of fact are not at issue. The legal issue argued in Kelly's petition consisted of whether the trial court violated Kelly's constitutional right to protection from double jeopardy. Given the conclusion on Kelly's second assignment of error regarding the same issue, there was no double jeopardy violation present in his case. Accordingly, *Page 7 
the trial court did not err in dismissing Kelly's petition, and Kelly's third assignment of error is meritless.
 Conclusion {¶ 29} The trial court's decision to dismiss Kelly's Petition for Post-conviction Relief was not erroneous, because Kelly's constitutional right to protection from double jeopardy was not violated. For the same reason, Kelly was not denied the effective assistance of counsel. Accordingly, the judgment of the trial court is affirmed.
Vukovich, P.J., concurs.
Donofrio, J., concurs. *Page 1