[Cite as *State v. Trimble*, 2013-Ohio-5094.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

STATE OF OHIO,                          :
                                        :
        Plaintiff-Appellee,             :       Case No. 13CA8
                                        :
    vs.                                 :
                                        :       DECISION AND JUDGMENT
TANDY L. TRIMBLE,                       :       ENTRY
                                        :
        Defendant-Appellant.            :       **Released: 11/12/13**
_____

                              APPEARANCES:

Robert H. Huffer, Esq., Huffer and Huffer Co., L.P.A., Circleville, Ohio, for
Appellant.

Judy C. Wolford, Pickaway County Prosecutor, and Jayme Hartley Fountain,
Assistant Pickaway County Prosecutor, Circleville, Ohio, for Appellee.
_____

McFarland, P.J.

    {¶ 1} Tandy Trimble appeals the decision of the Pickaway Court of

Common Pleas convicting her of vehicular assault, a fourth degree felony in

violation of R.C. 2903.08(A)(2)(b), after it denied her motion to dismiss the

indictment based upon double jeopardy grounds. On appeal, Appellant

contends that 1) the trial court erred by not dismissing the indictment for

vehicular assault as she had been previously charged with aggravated

vehicular assault, which was dismissed; and 2) the trial court imposed too

harsh a sentence. Because we conclude that the crimes of vehicular assault

and aggravated vehicular assault contain different elements thereby eliminating any issue of double jeopardy, the trial court correctly denied Appellant's motion to dismiss the indictment. Thus, Appellant's first assignment of error is overruled. Further, in light of our conclusion that trial court did not abuse its discretion in imposing sentence, we also overrule Appellant's second assignment of error. Accordingly, the decision issued by the trial court is affirmed.

FACTS

{¶ 2} Appellant was involved in a motor vehicle accident on June 2, 2012, when the vehicle she was driving crossed the median and collided with another vehicle, and also a motorcycle. Charges against Appellant filed in the Circleville Municipal Court originally included two counts of OVI, in violation of R.C. 4511.19(A)(1)(i) and R.C. 4511.19(A)(1)(a), filed as two separate cases. These cases were disposed of after Appellant agreed to enter a plea of no contest to a reduced charge of physical control, in violation of R.C. 4511.194. Her sentence included a suspended ninety day jail sentence, a drivers' license suspension, a $500.00 fine and costs, and twelve months probation.

{¶ 3} Before Appellant pled to the physical control charge, a second complaint was filed in the municipal court charging Appellant with

aggravated vehicular assault, in violation of R.C. 2903.08(A)(1)(a), OVI, in violation of R.C. 4511.19(A)(1)(j)(3), and divided highways, in violation of R.C. 4511.35. As will be discussed more fully infra, these charges were eventually dismissed by the municipal court, in part due to Appellant's prior plea of no contest to the physical control charge, and in part, for future indictment.

{¶ 4} Then, in October of 2012, Appellant was indicted in the Pickaway County Court of Common Pleas on one count of vehicular assault, a fourth degree felony in violation R.C. 2903.08(A)(2)(b). Appellant filed a motion to dismiss the indictment based upon double jeopardy grounds, however, the motion was overruled by the trial court. As a result, Appellant entered a plea of no contest to the charge. The trial court sentenced Appellant, by entry dated April 4, 2013, to ninety days in jail, a $2000.00 fine and costs, a five-year license suspension and three years of community control. It is from this decision that Appellant now brings her timely appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.    THE TRIAL COURT ERRED BY NOT DISMISSING THE INDICTMENT OF DEFENDANT-APPELLANT, TANDY L. TRIMBLE, FOR VEHICULAR ASSAULT, AS DEFENDANT-APPELLANT, TANDY L. TRIMBLE, HAD BEEN PREVIOUSLY CHARGED WITH AGGRAVATED VEHICULAR ASSAULT,

WHICH WAS DISMISSED PURSUANT TO STATE V. HICKS, 2012-OHIO-3831, FOURTH DISTRICT COURT OF APPEALS.

II.    THE TRIAL COURT IMPOSED TOO HARSH A SENTENCE ON DEFENDANT-APPELLANT, TANDY L. TRIMBLE, WHICH THE FOURTH DISTRICT COURT OF APPEALS HAS AUTHORITY TO MODIFY."

ASSIGNMENT OF ERROR I

{¶ 5}  In her first assignment of error, Appellant contends that the trial court erred by not dismissing the indictment for vehicular assault as there had been a previous indictment brought against her for aggravated vehicular assault, which was dismissed.  We apply a de novo standard of review when reviewing the denial of a motion to dismiss on double jeopardy grounds. *State v. Delacerda*, 6th Dist. Wood No. WD-12-021, 2013-Ohio-3556, ¶ 7; citing *State v. Williams*, 6th Dist. Wood No. WD-07-079, 2008-Ohio-2730, ¶ 7 .

{¶ 6}  "The Double Jeopardy Clause of the United States Constitution prohibits (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 10. These double-jeopardy protections apply to the states through the Fourteenth Amendment. *State v. Tolbert*, 60 Ohio St.3d 89, 90, 573 N.E.2d 617 (1991). In addition, Section 10, Article I

of the Ohio Constitution provides: "No person shall be twice put in jeopardy

for the same offense."

{¶ 7} The Supreme Court of Ohio has explained as follows, with

respect to applying the test to determine whether the same elements exist for

purposes of  double jeopardy, in *State v. Zima*, 102 Ohio St.3d 61, 2004-

Ohio-1807, 806 N.E.2d 542, ¶¶ 18-20:

> "In determining whether an accused is being successively
>
> prosecuted for the 'same offense,' the court in [*State v. Best*, 42
>
> Ohio St.2d 530, 330 N.E.2d 421 (1975)] adopted the so-called
>
> 'same elements' test articulated in *Blockburger v. United States*
>
> (1932), 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306, and
>
> held:
>
> 'The applicable rule under the Fifth Amendment is that
>
> where the same act or transaction constitutes a violation of two
>
> distinct statutory provisions, the test to be applied to determine
>
> whether there are two offenses or only one is whether each
>
> provision requires proof of a fact which the other does not. A
>
> single act may be an offense against two statutes, and if each
>
> statute requires proof of an additional fact which the other does
>
> not, an acquittal or conviction under either statute does not

exempt the defendant from prosecution and punishment under the other.' *Best* at paragraph three of the syllabus.

In *State v. Thomas* (1980), 61 Ohio St.2d 254, 259, 15 O.O.3d 262, 400 N.E.2d 897, overruled on other grounds in *State v. Crago* (1990), 53 Ohio St.3d 243, 559 N.E.2d 1353, syllabus, the court explained, 'This test focuses upon the elements of the two statutory provisions, not upon the evidence proffered in a given case.' Thus, as summarized in *United States v. Dixon* (1993), 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556, the *Blockburger* test 'inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution.' "

**{¶ 8}** Here, Appellant was convicted of vehicular assault, a fourth degree felony in violation of R.C. 2903.08(A)(2)(b), which provides:

"(A)   No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause serious physical harm to another person or another's unborn in any of the following ways:

* * *

(2)     In one of the following ways:

* * *

(b)     Recklessly."

Prior to the indictment that is the subject of the current appeal, Appellant

was charged with aggravated vehicular assault, a third degree felony in

violation of R.C. 2903.08(A)(1)(a), which provides:

"(A)   No person, while operating or participating in the

operation of a motor vehicle, motorcycle, snowmobile,

locomotive, watercraft, or aircraft, shall cause serious physical

harm to another person or another's unborn in any of the

following ways:

(1)(a) As the proximate result of committing a violation of

division (A) of section 4511.19 of the Revised Code or of a

substantially equivalent municipal ordinance[.]"

At the time Appellant was indicted for aggravated vehicular assault, she was

also charged with OVI, in violation of R.C. 4511.19(a)(1)(j)(3), as well as

divided roadways, in violation of R.C. 4511.35.  Appellant filed a motion to

dismiss all of these charges based upon grounds of double jeopardy.  A

review of the record indicates, however, that the OVI and divided roadway

charges were dismissed based upon Appellant's "plea to companion case 12TRC04481," in which Appellant pled guilty to a charge of physical control that stemmed from the same set of facts from which both the aggravated vehicular assault and vehicular assault charges stemmed. Further, the record indicates that the prior charge of aggravated vehicular assault was dismissed "for future indictment."

{¶ 9} It was after Appellant's plea to the physical control charge in the municipal court, and also after the municipal court's dismissal of the OVI, divided roadways and aggravated vehicular assault charge that Appellant was finally indicted in the common pleas court on vehicular assault. After her indictment, Appellant once again filed a motion to dismiss based upon double jeopardy grounds, claiming that because an earlier charge of aggravated vehicular assault had been brought and dismissed in the municipal court, the State was barred from prosecuting her again. On appeal, Appellant concedes that vehicular assault and aggravated vehicular assault contain different elements, but she argues that because vehicular assault carries a lesser penalty it should not have been permitted to be pursued by the State, citing this Court's prior reasoning in *State v. Jackson*, 4th Dist. Ross No. 12CA3309, 2012-Ohio-5619. For the following reasons, we disagree.

{¶ 10}  In *State v. Jackson*, this Court upheld the defendant's conviction for the lesser included offense of trespass after his conviction for burglary was reversed and remanded.  Id. at ¶ 13.  In reaching our decision, we concluded that such a result was not barred by the double jeopardy clause.  Id.  Further, because the facts and legal issues involved in *Jackson* differ from those currently before us, we find no value in considering the analysis set forth therein.  Instead, we find the reasoning set forth by the Supreme Court of Ohio in *State v. Zima,* supra, to be helpful in resolving the issue presently before us.

{¶ 11}  In *Zima*, the Court held that "[p]rinciples of double jeopardy do not apply to bar successive prosecutions for the offense of driving under the influence in violation of  R.C. 4511.19(A) (or a substantially equivalent municipal ordinance) and the offense of aggravated vehicular assault under R.C. 2903.08(A)(2)."  *State v. Zima*, at syllabus.  In reaching this decision, the Court explained that "the offense of driving under the influence is one of two *alternative* elements of aggravated vehicular assault, the other being reckless operation."  Id. at ¶ 32.  In drawing a distinction between a R.C. 2903.08(A)(1) charge versus an (A)(2) charge, the Court noted the differing elements, the first of which requires proof of alcohol or drug involvement, and the second of which requires only proof of recklessness.  Id. at ¶ 33.

{¶ 12} As set forth above, prior to Appellant being indicted on vehicular assault in violation of R.C. 2903.08(A)(2)(b), which contains an element of recklessness, she was formerly charged with aggravated vehicular assault in violation of R.C. 2903.08(A)(1). These two offenses clearly contain different elements and as such, Appellant's subsequent indictment for vehicular assault based upon recklessness was not barred by the previously dismissed complaint charging her with aggravated vehicular assault based upon a violation of R.C. 4511.19.

{¶ 13} This conclusion is further supported by our recent decision, *State v. Hicks*, 4th Dist. Adams No. 11CA933, 2012-Ohio-3831. Although we did not reach the merits of the double jeopardy argument raised in that appeal, we did address an argument related to the trial court's denial of the state's motion to amend the indictment, during trial, from charging Hicks with aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) to vehicular assault in violation of R.C. 2903.08(A)(2)(b). Id. In *Hicks*, we concluded that the trial court correctly denied the state's motion, as such an amendment would have changed the identity of the crime. Id. at ¶ 20. In reaching our decision, we reasoned as follows:

"* * * R.C. 2903.08(A)(1)(a) and (A)(2)(b) each require proof of a different element the other subsection does not require.

R.C. 2903.08(A)(1)(a) requires proof that the defendant caused serious physical harm to another as a proximate result of violating the OVI statute. R.C. 2903.08(A)(2)(b) requires proof that the defendant caused serious physical harm to another as a result of reckless conduct. Therefore, the amendment also would have changed the identity of the charged offense because the alleged offense and proposed offense 'contain different elements requiring independent proof.' *State v. Fairbanks*, 172 Ohio App.3d 766, 2007-Ohio-4117, 876 N.E.2d 1293, ¶ 19 (12th Dist.). See *State v. Murray*, 5th Dist. No. 01 CA 00108, 2002 WL 925264, *2 (May 3, 2002); In re C.A., 8th Dist. No. 93525, 2010-Ohio-3508, ¶ 15. See generally *State v. Hohenberger*, 189 Ohio App.3d 346, 2010-Ohio-4053, 938 N.E.2d 419, ¶ 46 (6th Dist.) (holding that R.C. 2903.08(A)(2)(b) is not a lesser included offense of R.C. 2903.08(A)(1)(a))." *Hicks* at ¶ 22.

Thus, utilizing the "same elements" test set forth in *Blockburger* and as discussed in *Zima*, supra, because aggravated vehicular assault and vehicular assault contain different elements, Appellant's prosecution for vehicular assault was not a successive prosecution and did not violate the double

jeopardy clause. As such, the trial court did not err in denying Appellant's motion to dismiss the indictment based upon double jeopardy grounds.

{¶ 14} We further note, although not critical to the outcome in light of the conclusions already reached, that because the previous complaint charging Appellant with aggravated vehicular assault was dismissed by the trial court, jeopardy did not "attach." *State v. Larabee*, 69 Ohio St.3d 357, 632 N.E.2d 511, syllabus (1994) ("[j]eopardy does not attach when a trial court grants a motion to dismiss an indictment."); see also *State v. Baranski*, 173 Ohio App.3d 410, 2007-Ohio-4072, 878 N.E.2d 1058, ¶ 8. Accordingly, Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

{¶ 15} In her second assignment of error, Appellant contends that the trial court imposed too harsh of a sentence and asks this Court to modify it. Thus, Appellant essentially contends that the trial court abused its discretion when it sentenced her. The record indicates that Appellant pled no contest to a fourth degree felony offense, and that she was sentenced to ninety days in jail, a $2000.00 fine and costs, a five-year license suspension, and three years of community control.

{¶ 16} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Supreme Court of Ohio announced the two-step analysis for

appellate review of felony sentences. First, we "must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If the sentence is not clearly and convincingly contrary to law, we review it for an abuse of discretion. Id.

{¶ 17}  Appellant does not argue that her vehicular assault sentence is clearly and convincingly contrary to law. She cites no failure of the trial court to comply with any "applicable rules and statutes," nor do we see any obvious violation of this requirement. Thus, we conclude her sentence is not clearly and convincingly contrary to law.

{¶ 18}  Next, we must determine whether the trial court abused its discretion in sentencing Appellant.  The term "abuse of discretion" implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).  Appellant claims that the trial court's sentence was "too harsh," and that the trial court should have taken into consideration the fact that Appellant was also sentenced in the municipal court on a physical control conviction which stemmed from the same facts and circumstances as the vehicular assault indictment.

{¶ 19}  However, the municipal court's sentencing of Appellant on a misdemeanor traffic offense has no bearing on the common pleas court's

sentencing of Appellant on a felony criminal offense. See *State v. Strickler*, 4th Dist. Washington No. 04CA28, 2006-Ohio-530, ¶ 27 ("[m]isdemeanor traffic offenses are not the same offense as vehicular assault."). Further, R.C. 2929.14 provided the trial court with the option of imposing a prison term of up to eighteen months for a fourth degree felony offense, however the trial court elected not to impose a prison term and instead sentenced Appellant to only ninety days in jail, which was within its discretion to do. Next, with respect to Appellant's five-year license suspension, R.C. 2903.08(C)(2) required that the trial court impose a "class four suspension of the offender's driver's license * * * from the range specified in division (A)(4) of section 4510.02 of the Revised Code." R.C. 4510.02 provides for a definite period of suspension for one to five years. Thus, Appellant's five-year license suspension, though a maximum term of suspension, was within the permissible range.

{¶ 20} Finally, Appellant contends that the trial court abused its discretion in imposing a fine of $2000.00 and three years of community control. Contrary to Appellant's argument, and as noted by the State in its brief, R.C. 2929.15 through 2929.18 authorizes a range of sanctions other than imposing a prison term and permits a trial court to choose a combination of punishments, including community control and financial

sanctions. For instance, R.C. 2929.15(A)(1) provides that "[t]he duration of all community control sanctions imposed upon an offender under this division shall not exceed five years." Thus, Appellant's three-year term of community control was with the permissible range. Further, R.C. 2929.18 governs the imposition of financial sanctions and provides in section (A)(3)(d) that a fine for a fourth degree felony offense shall not exceed five thousand dollars. Once again, Appellant's two thousand dollar fine was within the permissible range.

{¶ 21} In light of the foregoing, we cannot conclude that the trial court abused its discretion in sentencing Appellant. As such, Appellant's second assignment of error is overruled. Having found no merit in either of the assignments of error raised by Appellant, we affirm the decision and sentence of the trial court.

**JUDGMENT AFFIRMED.**

Hoover, J., concurring:

**{¶22}** I concur in the judgment and opinion of the principal opinion but wish to address appellant's double jeopardy argument with respect to the physical control charge.

**{¶23}** In addition to her two assignments of error, the appellant presented the following issue for review:

> Does the indictment of the Defendant-Appellant, Tandy L.
> Trimble, for Vehicular Assault cause undue prejudice to said
> Defendant-Appellant, who had previously been convicted and
> sentenced for Physical Control of a motor vehicle while under
> the influence and also faced the charge of Aggravated
> Vehicular Assault F-3, which was dismissed on the grounds of
> Double Jeopardy?

**{¶24}** Prior to being indicted on the vehicular assault charge, the appellant had already been convicted of the physical control charge. The vehicular assault charge and the physical control charge both arose out of the same facts and circumstances as shown in the principal opinion's recitation of the facts.

**{¶25}** The elements of physical control are stated in R.C. 4511.194 as follows:

"(B)  No person shall be in physical control of a vehicle, *** if, at the time of the physical control, any of the following apply:

(1)  The person is under the influence of alcohol, a drug of abuse, or a combination of them.

(2)  The person's whole blood, blood serum or plasma, breath, or urine contains at least the concentration of alcohol specified in division (A)(1)(b), (c), (d), or (e) of section 4511.19 of the Revised Code.

(3)  Except as provided in division (E) of this section, the person has a concentration of a listed controlled substance or a listed metabolite of a controlled substance in the person's whole blood, blood serum or plasma, or urine that equals or exceeds the concentration specified in division (A)(1)(j) of section 4511.19 of the Revised Code."

{¶26}  The elements of the offense of vehicular assault are stated in R.C. 2903.08(A)(2)(b) as follows:

(A)  No person, while operating or participating in the operation of a motor vehicle, * * * , shall cause serious physical harm to another person or another's unborn in any of the following ways:

(1) * * *

(2)  In one of the following ways:

     (a) * * *

(b)  Recklessly."

**{¶27}**  The trial court in this case then compared the two offenses and applied the "same elements" test articulated in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L.Ed. 306 (1932).  The trial court found that the Double Jeopardy Clause of the Fifth Amendment was not violated based on the two separate charges.

**{¶28}**  I agree with the trial court's analysis.  The elements of physical control and vehicular assault are distinct.  Therefore, I do not believe that appellant was subjected to undue prejudice as a result of being indicted for vehicular assault when she had previously been convicted and sentenced for physical control of a motor vehicle while under the influence.  The principal opinion aptly addresses all other arguments propounded by the appellant.

**{¶29}**  Likewise, I would affirm the decision and sentence of the trial court.

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED.  Costs herein are assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:   Concurs in Judgment and Opinion.
Hoover, J:  Concurs in Judgment and Opinion with Concurring Opinion.

For the Court,

BY: _____
Matthew W. McFarland
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**