SEA LAKES, INC., Appellant,

v.

SEA LAKES CAMPING, INC., Appellee.

[Cite as *Sea Lakes, Inc. v. Sea Lakes Camping, Inc.* (1992), 78 Ohio App.3d 472.]

Court of Appeals of Ohio,
Portage County.

No. 91–P–2287.

Decided March 2, 1992.

James W. Slater, for appellant.

Robert A. Goodman and Richard S. Mitchell, for appellee.

CHRISTLEY, Judge.

This is an appeal from a judgment of the Portage County Court of Common Pleas, enjoining appellant, Sea Lakes, Inc., from conveying any interest in certain real property.

Appellee, Sea Lakes Camping, Inc., is the former owner and operator of a campground for recreational vehicles. In August 1989, appellee entered into an agreement to sell the campground to appellant. Under the terms of this agreement, appellee expressly warranted that the campground facilities were presently in compliance with certain applicable laws and regulations. As consideration, appellant agreed to pay an initial sum of $500,000. Appellant also executed a note in favor of appellee for $1,000,000, and a mortgage covering the same amount.

In March 1989, appellant initiated the instant action, setting forth claims of fraud and breach of contract in its complaint. These claims were predicated upon the allegation that upon taking possession of the campground, appellant found a number of latent defects in the facilities. In addition to compensatory and punitive damages, the complaint requested injunctive relief and a declaration concerning whether the defects were covered under the agreement's warranty clause.

In answering the complaint, appellee asserted a number of counterclaims against appellant. Under one of these claims, appellee alleged that appellant was violating the terms of the note by selling interests in the campground to the public. For relief, appellee sought, inter alia, a preliminary and permanent injunction enjoining appellant from selling or disposing of any interest in the campground. Appellee also requested that the trial court appoint a receiver to operate and maintain the facilities during the pendency of the litigation.

After appellant had replied, appellee moved the trial court for the appointment of a receiver. As grounds for this motion, appellee again asserted that appellant was improperly selling interests in the campground. Based upon this and other alleged actions, appellee further asserted that appellant was diminishing the value of the property and, accordingly, jeopardizing its security interest.

Once appellant had responded and also moved to dismiss the motion, a hearing was held before the trial court. Even though counsel for both parties

were present, only appellee had the opportunity to present evidence. At the conclusion of the hearing, the trial court stated that unless the parties were able to settle the receiver issue, additional evidence would be heard the following day. However, while the record does not give any indication as to the reason why, a second hearing was never held.

Approximately one month after the hearing, the trial court issued the appealed judgment, enjoining appellant from selling any interest in the property. In now challenging the propriety of this judgment, appellant has assigned the following as error:

"The trial court erred to the prejudice of the plaintiff-appellant in issuing its preliminary injunction of December 27, 1990, enjoining the 'plaintiff from conveying any interest in said real property,' without notice or opportunity to be heard."

■ As the foregoing statement of facts readily indicates, a hearing of some sort was held before the trial court on appellee's motion to appoint a receiver. In its subsequent entry, the court merely enjoined appellant from making any further sales. Under its sole assignment, appellant maintains that the court erred in granting this "preliminary injunction" because it never received notice that this issue was going to be considered at the hearing. Appellant also submits that the order should not have been issued because it was denied the opportunity to present evidence on this matter.

As appellant correctly notes, Civ.R. 65(B)(1) states that a preliminary injunction cannot be granted "without reasonable notice to the adverse party." The rule further provides that the request for a preliminary injunction can be made either in the complaint or a separate motion. In this case, appellee specifically asked for a preliminary injunction in its counterclaim.

Further, during their opening remarks at the hearing, the attorneys and the trial court specifically referred to the primary issue raised in the request for a preliminary injunction, *i.e.*, whether appellant should be enjoined from selling any interest in the campground. Accordingly, it is clear that appellant's counsel knew that this particular issue was going to be addressed as well as the receiver issue.

In this regard, this court would again note that the continuing-sales issue had also been raised in appellee's motion for the appointment of a receiver. Thus, technically the issue could have been before the trial court under either the motion for a receiver or the request for a preliminary injunction.

■ Even though the continuing-sales issue was specifically referred to during opening remarks, appellant never objected to the hearing. In fact, appellant's counsel fully participated in the hearing. The continuing-sales

issue was accordingly tried by consent, per Civ.R. 15(B). Thus, any failure to satisfy the initial notice requirement for a preliminary injunction was waived.

As to the necessity for a hearing, Civ.R. 65 strongly implies that a hearing must be held before a preliminary injunction can be granted, although it does not contain any specific language so stating. As to this point, this court would note that section (A) of the rule, which governs temporary restraining orders, provides the following:

" * * * In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence over all matters except older matters of the same character. When the matter comes on for hearing the party who obtained the temporary restraining order shall proceed with the application for a preliminary injunction * * *." Civ.R. 65(A).

We would further note that section (B)(2) also refers to a "hearing" on the application for a preliminary injunction. Finally, the Staff Note to Civ.R. 65 states: " * * * The *preliminary injunction* requires reasonable notice for a hearing and applies to maintain the *status quo* until final hearing * * *." (Emphasis *sic.*)

█ Based upon the foregoing language in both the rule and the note, courts in this state have held that a hearing on a motion for preliminary injunction is necessary. See *Security First Group, Inc. v. Smith* (Feb. 13, 1990), Franklin App. No. 89AP–176, unreported, 1990 WL 12390. At least one court has also based this holding on the "fundamental constitutional principle" of giving the opposing party an opportunity to present evidence. *Globe Services, Inc. v. Palmer* (Aug. 18, 1986), Butler App. No. CA86–02–028, unreported, at 8, 1986 WL 8909. As appellant emphasizes, this holding is consistent with federal cases on this issue.

In addition to the notice argument, appellant contends under this assignment that it was denied the opportunity to present evidence on the continuing-sales issue. The record supports this assertion. As was noted above, after appellee had presented its three witnesses, the trial court stated that the hearing would have to be continued until the following morning. According to the record before this court, the hearing did not go forward at that time. Thus, it would appear that the testimony of appellant's three witnesses was never presented to the court.

The record in this case does not give any indication as to why the hearing was never continued. Before the conclusion of the first hearing, the trial court asked the parties to try to reach a settlement on issues before the court at that time. Obviously, such a settlement was never reached. Moreover, the trial court does not indicate in its judgment why the hearing was never completed.

Clearly, the conclusion that a hearing must be held prior to the issuance of a preliminary injunction is based upon basic due process considerations. Since the opposing party will be enjoined from performing certain acts for a period usually much longer than that associated with a temporary restraining order, that party must be accorded a legitimate opportunity to oppose the injunction. In the absence of any affirmative indication in the record, this court will not presume that appellant waived its elementary right to present evidence in opposition. Absent extenuating circumstances of record which may have developed after the hearing, the trial court was required to hear appellant's evidence.

Pursuant to the foregoing discussion, appellant's sole assignment of error is well taken. Upon remand, appellant should be given the opportunity to submit evidence concerning the continuing-sales issue. As an aside, this court would also note that in our opinion, the interests of the parties would be better served if the parties were also given the opportunity to submit appropriate arguments regarding the status of the property pending a resolution of the merits of the action. Of course, this latter problem would be alleviated if the hearing on the merits was consolidated with the preliminary injunction proceeding.

Accordingly, the judgment of the trial court is reversed, and the cause is remanded for further proceedings on the preliminary injunction issue.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and NADER, J., concur.