The STATE ex rel. FISHER, Atty. Gen., Appellee,

v.

NACELLE LAND AND MANAGEMENT CORPORATION et al., Appellants.

[Cite as *State ex rel. Fisher v. Nacelle Land & Mgt. Corp.* (1993), 90 Ohio App.3d 93.]

Court of Appeals of Ohio,
Lake County.

No. 92–L–114.

Decided Aug. 23, 1993.

94

*Lee I. Fisher,* Attorney General, *Joan I. Fishel* and *Raymond J. Studer,* Assistant Attorneys General, for appellee.

*James M. Speros,* for appellants.

---

NADER, Judge.

This is an appeal from an order granting summary judgment in the Lake County Court of Common Pleas.

Appellants, Nacelle Land and Management Corporation ("Nacelle") and its president, Joseph G. Berick, sought a permit on October 9, 1986 from the Ohio Department of Natural Resources, Division of Oil and Gas ("ODNR"), to allow the underground injection of brine. Brine is a waste product generated in oil drilling, which contains a high saline content and is potentially hazardous to animal and plant life. The permit in question sought permission to inject brine through Underground Injection Well No. 306, located in Painesville, Ohio. The impoundment in which appellants proposed to store the brine prior to underground injection has the capacity to hold twelve million gallons. This is the largest impoundment ever permitted by the Division of Oil and Gas. The largest impoundment prior to this had a maximum capacity of 840,000 gallons.

Because the proposed impoundment was so large, the ODNR granted the permit, but imposed conditions on the operation of the well. These conditions provided structural, operational and monitoring criteria and were set forth in the permit. The monitoring criteria consisted of conditions set forth in the Minimum Monitoring System Design Criteria ("MMSDC") and required seven leak detection wells and bimonthly sampling of these wells. Appellants never appealed the permit conditions.

On April 2, 1990, appellee filed a complaint against appellants, Nacelle, its president, Joseph Berick, and its manager, Ellsworth Dean Stutzman. This complaint alleged violations of the permit and requested that injunctions and civil fines be imposed against each appellant.

On July 15, 1992, the trial court entered an order in which it granted partial summary judgment to appellee and denied appellants' motion for summary judgment. Appellants timely appealed, assigning the following as error:

"1. The trial court erred to the prejudice of Nacelle by granting ODNR's motion for summary judgment.

"2. The trial court erred to the prejudice of Nacelle by denying its motion for summary judgment.

"3. The trial court erred to the prejudice of appellant [sic] by enjoining defendant from any operation of its injection well."

Because appellants' first two assignments of error concern the same issues, they will be addressed together in this opinion.

Appellee contends that appellants' appeal is barred by the language of R.C. 1509.36, which provides:

"Any person claiming to be aggrieved or adversely affected by an order by the chief of the division of oil and gas may appeal to the oil and gas board of review for an order vacating or modifying such order. * * * Such appeal shall be filed with the board within thirty days after the date upon which appellant received notice by registered mail of the making of the order complained of. * * * "

Appellee contends that this language mandates an appeal of any order from the ODNR within thirty days and bars any other collateral attack. However, R.C. 1509.36 further provides:

" * * * Sections 1509.01 to 1509.37, inclusive, of the Revised Code, providing for appeals relating to orders by the chief or by the board, or relating to regulations adopted and promulgated by the chief, do not constitute the exclusive procedure which any person who deems his rights to be unlawfully affected by such sections or any official action taken thereunder must pursue in order to protect and preserve such rights, nor do such sections constitute procedure which

such person must pursue before he may lawfully appeal to the courts to protect and preserve such rights."

The plain meaning of the language in this statute does not require the procedure set forth to be pursued before appealing to the courts. Thus, the trial court correctly determined that the R.C. 1509.36 appeal is neither mandatory nor exclusive and appellants' collateral attack on the order of the ODNR is not barred by failure to pursue an R.C. 1509.36 appeal.

 Appellants contend that the permit conditions imposed upon them by the ODNR are unenforceable because they were not set forth in legislation or in a duly adopted regulation. However, appellants have failed to distinguish a rule from an adjudication. Because rules and adjudications employ different procedures, different safeguards are needed in each case to ensure due process.

The conditions imposed on appellants' permit in this case resulted in an adjudication order. A "rule" is defined in R.C. 119.01(C) as:

" * * * any rule, regulation, or standard, having a general and uniform operation, adopted, promulgated, and enforced by any agency under the authority of the laws governing such agency, and includes any appendix to a rule."

R.C. 119.01(D) defines an "adjudication" as:

" * * * the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature." See, also, *Condee v. Lindley* (1984), 12 Ohio St.3d 90, 12 OBR 79, 465 N.E.2d 450.

The conditions to appellants' permit clearly do not have a general application, but are directed only at appellants. Furthermore, R.C. 1509.03 specifically provides:

" * * * Every order issuing, denying, or modifying a permit under Chapter 1509. of the Revised Code and described as such shall be considered an adjudication order for purposes of sections 119.01 to 119.13 of the Revised Code."

Thus, the order issuing appellants' permit was an adjudication order.

R.C. 119.06 provides the process required to be followed for an adjudicatory order to be valid. It provides:

"No adjudication order of an agency shall be valid unless the agency is specifically authorized by law to make such order.

"No adjudication order shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13 of the Revised Code. Such

opportunity for a hearing shall be given before making the adjudication order except in those situations where this section provides otherwise.

"The following adjudication orders shall be effective without a hearing:

"* * *

"(C) Orders or decisions of an authority within an agency if the rules of the agency or the statutes pertaining to such agency specifically give a right of appeal to a higher authority within such agency, to another agency, or to the board of tax appeals, and also give the appellant a right to a hearing on such appeal."

R.C. 1509.05 confers power on the Chief of the Division of Oil and Gas to issue permits to drill, stating in pertinent part:

"No person shall drill a new well, drill an existing well any deeper, reopen a well, convert a well to any use other than its original purpose, or plug back a well to a source of supply different from the existing pool, without having a permit to do so issued by the chief of the division of oil and gas * * *.

"Such permit shall be issued by the chief in accordance with Chapter 1509. of the Revised Code and shall be valid for twelve months."

R.C. 1509.06 authorizes the chief to impose conditions on permits, providing:

"The chief shall issue an order denying a permit if the chief finds that there is a substantial risk that the operation will result in violations of this chapter or rules adopted thereunder that will present an imminent danger to public health or safety or damage to the environment; *provided that where the chief finds that terms or conditions to the permit can reasonably be expected to prevent such violations, the chief shall issue the permit subject to those terms or conditions.*" (Emphasis added.)

Further, because appellants had the right to an appeal to a higher authority within the ODNR and to a hearing on that appeal, the adjudication order is effective. See R.C. 1509.36 and 1509.37. Thus, the trial court did not err in finding that the permit in the instant case was a valid adjudication order.

 Appellants contend that because monitoring wells are not among the requirements set forth in R.C. 1509.22, the ODNR's requirement of monitoring wells in this case is invalid. Although R.C. 1509.22 sets forth minimum standards, which the chief's rules must meet, nothing in this statute prevents the imposition of more stringent standards. Thus, the chief may properly require compliance with standards more stringent than those in R.C. 1509.22.

 As the United States Supreme Court held in *Securities & Exchange Comm. v. Chenery Corp.* (1947), 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995, and

as adopted in Ohio by *Dressler Coal Corp. v. Call* (1981), 4 Ohio App.3d 81, 4 OBR 161, 446 N.E.2d 785, there is definitely a place for case-by-case evaluation in administrative law. Among the circumstances which may necessitate a case-by-case analysis are "(1) situations that could not reasonably be foreseen; (2) problems which must be solved despite the absence of a relevant general rule; (3) insufficient experience with the particular problem to warrant rigidifying a tentative judgment into a hard and fast rule; and (4) problems so specialized and varying in nature as to be impossible to capture within the boundaries of a general rule." *Dressler*, 4 Ohio App.3d at 85, 4 OBR at 166, 446 N.E.2d at 789.

Appellants' impoundment is the largest ever permitted and is more than eleven million gallons larger than any previously approved. Thus, appellants' request presented a problem to be resolved in the absence of a relevant general rule. Because the ODNR had no previous experience with an injection well of this proportion, a hard-and-fast rule was not warranted and the ODNR was correct in proceeding by adjudication, rather than by rule.

Because the permit issued to appellants was valid, appellants had a duty to comply with the permit. Appellants do not contend that the allegation contained in count seven of appellee's complaint, that monitor well No. 2 is inoperable, is factually untrue; therefore, there is no material question of fact and appellee was entitled to judgment as a matter of law. The trial court correctly granted partial summary judgment in favor of appellee and correctly denied appellants' motion for summary judgment.

In appellants' third assignment of error, it is argued that the trial court erred by enjoining appellants' operation of the injection well. We agree, as a matter of form.

█ It is generally held that a hearing must be conducted prior to the issuance of a preliminary injunction. See *Sea Lakes, Inc. v. Sea Lakes Camping, Inc.* (1992), 78 Ohio App.3d 472, 605 N.E.2d 422; *Security First Group, Inc. v. Smith* (Feb. 13, 1990), Franklin App. No. 89AP–176, unreported, 1990 WL 12390; *Globe Serv., Inc. v. Palmer* (Aug. 18, 1986), Butler App. No. CA86–02–028, unreported, 1986 WL 8909.

█ The trial court should have conducted a hearing prior to entering an injunction; however, substantively we believe that issuing an injunction without first holding a hearing was not reversible error, in this case, because, as previously addressed in this opinion, appellants were operating the injection well in violation of the conditions of their permit. R.C. 1509.22(B) provides that:

"No person shall store or dispose of brine in violation of a plan approved under division (I) of section 1509.06 of the Revised Code * * *."

Therefore, the trial court's decision that appellants were operating the injection well in violation of their permit was sufficient to require appellants to cease operations of that injection well. An injunction was not necessary to effect this result. Thus, appellants' claim that the injunction was improperly issued is moot.

Appellants' third assignment of error is meritless.

The order of the trial court granting appellee's motion for partial summary judgment and denying appellants' motion for summary judgment is affirmed.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.