[Cite as *Puruczky v. Corsi*, 2018-Ohio-1335.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| DALE PURUCZKY, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2017-G-0110** |
| EDMUND CORSI, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2017 P 000046.

Judgment: Reversed, vacated, and remanded.

*Patrick D. Quinn* and *Ronald A. Annotico*, Quinn Legal Associates, 2802 SOM Center Road, Suite 102, Willoughby Hills, OH 44094 (For Plaintiffs-Appellees).

*Mark S. O'Brien*, 2460 Fairmount Boulevard, Suite 301B, Cleveland Heights, OH 44106 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}   Defendant-appellant, Edmund Corsi, appeals from the judgment of the Geauga County Court of Common Pleas, granting plaintiff-appellee, Dale Puruczky, a preliminary injunction against Corsi.  The issues to be determined in this case are whether an injunction prohibiting contact with various entities and the public as a whole acts as a prior restraint on free speech and whether service of the Complaint two business days before a preliminary injunction hearing constitutes notice to satisfy the requirements of due process.  For the following

reasons, we reverse and vacate the February 15, 2017 Order of the Court and remand for further proceedings consistent with this opinion.

{¶2} On January 18, 2017, Puruczky and Puruczky Wealth Management LLC filed a Complaint for Injunctive Relief and Damages against Corsi. The Complaint alleged that Corsi sold Puruczky supplements and treatment for his wife's various illnesses. Puruczky alleged that Corsi had misrepresented his products and that Puruczky "discontinued the business relationship with Defendant, cancelled orders, and stopped payment on checks issued to Defendant * * *." The Complaint contended that Corsi had written a letter containing false, defamatory, libelous and slanderous statements to various entities with which Puruczky did business as a financial planner.

{¶3} The Complaint raised claims for Defamation and Defamation Per Se (Count One); Tortious Interference with Contract, based on the contention that the letter authored by Corsi interfered with Puruczky's business relationships (Count Two); Unfair Business Practices (Count Three); and Preliminary Injunction (Count Four).

{¶4} On the same date, Puruczky filed a Motion for Temporary Restraining Order, requesting that Corsi be prohibited from making untruthful, libelous, and slanderous statements about him. He attached an affidavit outlining the various ways the letter would impact his career. Also attached was a copy of the "Notice"/letter purported to be sent by Corsi, which stated that Puruczky failed to pay for some products. It further stated: "After trusting this man, he has lied to me, deceived me, stolen from me, and passed bad checks to me. * * * I will not

2

stop exposing this man throughout the entire financial community in which I have ties, through public media and the appropriate federal and state agencies until justice is served. I hope there is no negative impact to your company as a result of all the bad publicity Mr. Puruczky will cause."

{¶5} A Temporary Restraining Order was issued on January 23, 2017. It "restrained and enjoined" Corsi from contacting entities in relation to Puruczky and "specifically restrains and enjoins defendant from engaging in malicious, defamatory, libel and tortious conduct against Plaintiff." It also set a hearing on the request for a preliminary injunction for January 31, 2017, which was continued at the plaintiffs' request due to failure to obtain service of the Complaint.

{¶6} After a request to renew, a second Temporary Restraining Order was issued on January 30, 2017, which set the hearing on the preliminary injunction for February 14, 2017.

{¶7} Puruczky requested an order designating a special process server on February 8, 2017, which was granted on February 9, 2017. On the same date, a document entitled "Instructions for Service" was filed, which stated that pleadings to be served by the process server included the Complaint, Motion for Temporary Restraining Order and the Journal Entry-Notice of Hearing. On February 13, 2017, a copy of a summons return was filed, which indicated that Corsi had been served on February 10, 2017. It did not state which documents were served and the docket states "Service: Summons with Complaint."

{¶8} A hearing on the preliminary injunction was held on February 14,

3

2017, at 9:00 a.m. Puruczky and his counsel were present, but Corsi and his counsel did not appear.

{¶9} Puruczky testified that his wife had received treatment and vitamins from Corsi, which he described as similar to holistic treatment, although he did not believe Corsi was licensed. At some point, he and his wife decided to discontinue her treatment since they were dissatisfied and stopped payment on a check. Puruczky referenced the letter he believed to be written by Corsi, which described him as passing a bad check, an allegation Puruczky denied. He also denied lying, cheating Corsi out of money, or defrauding him, also referenced in the letter which Puruczky believes was sent to various entities with which he interacts as a wealth advisor, including boards and professional organizations. Regarding the effect that the letter had on his business, Puruczky provided one example, in which a prospective client stated that he had seen "some disturbing information" in the newspaper, which related to this lawsuit, filed by Puruczky. The client had called to discuss investing and Puruczky testified that he was "very" concerned the client would no longer invest. He did not, however, testify that the client made a decision to that effect. Regarding any other loss of potential clients or business, Puruczky testified "there is no way for me to know."

{¶10} On the afternoon of February 14, 2017, hours after the hearing, counsel for Corsi filed a Motion to Dismiss Count for Preliminary Injunction and a Motion to Vacate Temporary Restraining Order. On February 15, 2017, an Order of the Court was filed, finding that the restraining order should be continued "until further order of the Court" and making findings in favor of Puruczky on the

4

preliminary injunction, including that irreparable harm existed, he had a likelihood of success, the injunction was in the public interest, and the balance of hardships favored Puruczky. The same restrictions outlined above were set forth, including Corsi not being permitted to contact entities associated with Puruczky or to engage in "malicious, defamatory, libel, and tortious conduct" against him.

{¶11} Corsi filed his Notice of Appeal on February 24, 2017, and raises the following assignments of error:[1]

{¶12} "[1.] The trial court erred in granting Appellees' motion for temporary restraining order and preliminary injunction because the temporary restraining order and the preliminary injunction violate Appellant's right to free speech.

{¶13} "[2.] The trial court erred in granting Appellees' motion for temporary restraining order and preliminary injunction because the temporary restraining order and the preliminary injunction were not supported by the evidence presented by Appellees at the preliminary injunction hearing.

{¶14} "[3.] The trial court erred in scheduling and holding the preliminary injunction hearing only four days (two business days) after Appellant was served with the summons and complaint and by failing to give Appellant clear notice of the fact that the hearing had been scheduled."

{¶15} As an initial matter, we will address the finality of the trial court's order, although it is not challenged by Puruczky. "[T]he granting of a temporary or preliminary injunction, in a suit in which the ultimate relief sought is a permanent injunction, is generally not a final appealable order." (Citation

---

[1]. Corsi filed a Motion to Vacate Preliminary Injunction in the trial court on the same date.

5

omitted.) *RKI, Inc. v. Tucker*, 11th Dist. Lake No. 2017-L-004, 2017-Ohio-1516, ¶ 10. However, in some scenarios, such orders are appealable. It has been held that "a preliminary injunction that constitutes a prior restraint on speech requires immediate appellate review." *Connor Group v. Raney*, 2d Dist. Montgomery No. 26653, 2016-Ohio-2959, ¶ 1; *Internatl. Diamond Exchange Jewelers, Inc. v. U.S. Diamond & Gold Jewelers, Inc.*, 70 Ohio App.3d 667, 671, 591 N.E.2d 881 (2d Dist.1991), citing *Natl. Socialist Party of America v. Skokie*, 432 U.S. 43, 44, 97 S.Ct. 2205, 53 L.Ed.2d 96 (1977) (where an injunction seeks to "impose a restraint [on First Amendment rights]," there must be "strict procedural safeguards * * *, including immediate appellate review"). This court has also noted the exception that "the granting of a preliminary injunction is a final appealable order when the court's order constitutes an abuse of discretion affecting a substantial right." *Woodbridge Condominium Owners' Assn. v. Friedland*, 11th Dist. Lake No. 2003-L-073, 2004-Ohio-14, ¶ 5. Since Corsi alleges that the injunction substantially impacts his rights and constitutes a prior restraint on his speech, we will proceed to a review of the merits of his appeal.

{¶16} In the third assignment of error, which is dispositive of the appeal, Corsi argues that his right to due process was violated when the preliminary injunction hearing was held "only two business days after service was perfected."

{¶17} "The question of whether the due process requirements have been satisfied presents a legal question we review de novo." *McRae v. State Med. Bd.*, 2014-Ohio-667, 9 N.E.3d 398, ¶ 36 (10th Dist.); *see Gemmell v. Anthony*, 2016-Ohio-2686, 51 N.E.3d 663, ¶ 27 (4th Dist.). *See also In re Foreclosure of*

6

*Liens*, 11th Dist. Lake No. 2014-L-012, 2015-Ohio-1258, ¶ 15 (questions of law are reviewed de novo).

{¶18} Puruczky's main argument as to this issue is that it was waived by Corsi below, since it was not raised in his February 14, 2017 motions. We find this argument unpersuasive. Those motions were filed just hours after the hearing that Corsi's counsel did not attend, presumably because he was unaware of the hearing or lacked sufficient notice to attend, as will be addressed below. Regardless, these filings related to vacating the previously-issued temporary restraining order and dismissal of the preliminary injunction count. The preliminary injunction had not yet been ruled upon by the trial court, which was granted a day later. The due process argument raised here relates solely to the contention that it was improper to grant a preliminary injunction without Corsi being able to attend the hearing. It would be illogical to raise such an argument before the injunction was even ruled upon, especially considering it would be moot if the ruling was favorable to Corsi. After the injunction was granted, Corsi immediately appealed, raising the due process argument. Although not presently before this court for review, Corsi filed a Motion to Vacate on the same date, also raising the due process argument. Since Corsi raised this argument at the first relevant opportunity, it was not waived and we will consider whether he was denied due process.

{¶19} "[T]he fundamental requisite of due process of law is the opportunity to be heard." (Citation omitted.) *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 124, 502 N.E.2d 599 (1986). In

7

relation to preliminary injunctions, this court has found "Civ.R. 65 strongly implies that a hearing must be held before a preliminary injunction can be granted," also noting that an injunction cannot be granted without reasonable notice to the adverse party under Civ.R. 65(B)(1). *Sea Lakes, Inc. v. Sea Lakes Camping, Inc.*, 78 Ohio App.3d 472, 476, 605 N.E.2d 422 (11th Dist.1992); *State ex rel. Fisher v. Nacelle Land and Mgt. Corp.*, 90 Ohio App.3d 93, 99, 628 N.E.2d 67 (11th Dist.1993) ("[i]t is generally held that a hearing must be conducted prior to the issuance of a preliminary injunction"). This is due to the "fundamental constitutional principle" of providing the opposing party an opportunity to present evidence. (Citation omitted.) *Sea Lakes* at 476. "Since the opposing party will be enjoined from performing certain acts for a period usually much longer than that associated with a temporary restraining order, that party must be accorded a legitimate opportunity to oppose the injunction." *Id.* at 477. Federal courts have interpreted the similar federal rule to also require notice and a hearing for a preliminary injunction. *Cty. Sec. Agency v. Ohio Dept. of Commerce*, 296 F.3d 477, 484 (6th Cir.2002).

{¶20} "An elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. * * *" *Ohio Valley* at 124, citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). "[T]he right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.'" (Citation omitted.)

8

*Fuentes v. Shevin*, 407 U.S. 67, 80, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). "The determination of whether a certain form of notice violates due process must be made on a case-by-case basis." *Nalbach v. Cacioppo*, 11th Dist. Trumbull No. 2001-T-0062, 2002 WL 32704, *4 (Jan. 11, 2002).

{¶21} In the present matter, a consideration of all of the circumstances leads to the conclusion that Corsi was not given a reasonable notice of the hearing date which would provide him with meaningful time to prepare for the hearing. Corsi was not served with *any* notice of the present proceedings, even the Complaint, until four days, and only two business days, before the hearing for the preliminary injunction. The record also does not clearly indicate what documents were served on Corsi on that date and whether such documents included the notice of the hearing. There is no way of knowing what documents were served, aside from the Complaint. The service return does not specify what was served, with the summons stating only that the defendant was being served with a Complaint and had 28 days to respond with an answer. While the instructions for service filed separately do specify that the notice of hearing should be served, it is unclear whether this occurred, and the docket states only that the Complaint was served. Defense counsel's actions seemed to be consistent with the contention that he was unaware of the hearing, as he filed several motions on the date of the hearing, which did not acknowledge the hearing, and he did not appear.

{¶22} While in some instances constructive notice is considered sufficient by virtue of the hearing being included on the court docket, *see Ohio Valley*, 28

9

Ohio St.3d at 124, 502 N.E.2d 599, that principle would not apply here. Corsi could not be construed to have constructive notice in advance at the time of the docketing of the hearing date when he had not been served with the Complaint and thus was not yet an active participant in the proceedings. Again, even if he is considered to have had constructive notice as of the date of the service, this provided him only a few days to obtain counsel and prepare for the hearing.

{¶23} Even assuming Corsi was served with the notice of hearing, the summons document stated that he had 28 days to file an answer. As a non-lawyer, he would be placed in the unfair position of having to evaluate multiple documents and determine a hearing was set for only a few days in the future, while not yet having obtained the assistance of counsel. It is also unreasonable to believe that a client and counsel would be adequately prepared to appear at a hearing on an injunction within only two business days. A similar holding was reached by the Eighth District, where the court found that a notice of a dispositive hearing to modify an arbitrator's award totaling only two business days "was not 'reasonably calculated under the circumstances' to apprise appellant * * * of the pendency of the hearing so as to afford them ample opportunity to present their objections." (Emphasis omitted.) *Cleveland Firefighters Local 93 v. Cleveland*, 8th Dist. Cuyahoga No. 59319, 1991 WL 263713, *2 (Dec. 12, 1991).

{¶24} Any contention that two business days' notice was reasonable because this was a preliminary injunction hearing also lacks merit. As explained above, this court has emphasized the necessity of holding a hearing prior to granting a preliminary injunction. *Sea Lakes*, 78 Ohio App.3d at 476, 605 N.E.2d

10

422. A hearing for which a party is unprepared is meaningless. Further, the evidence also does not show that a delay of a few days would have harmed Puruczky, who presented no evidence that the letter at issue was actually sent to anyone other than himself. Importantly, Puruczky had received a temporary restraining order and an extension of such order, protecting him from alleged harm. Civ.R. 65 allows for a 14-day temporary restraining order and an additional extension "for one like period." The first temporary restraining order in this case was granted on January 23, 2017, and, thus, could have been extended until February 20, 2017, providing Corsi additional time to prepare while still protecting Puruczky.[2]

{¶25} Given the significance of the injunction, which Corsi asserts acts as a prior restraint on his speech in violation of the First Amendment by essentially banning him from communicating with all entities that interact with Puruczky, as well as the public, allowing Corsi to appear and provide a defense was especially important and necessary. *See State ex rel. Toledo Blade Co. v. Henry Cty. Court of Common Pleas*, 125 Ohio St.3d 149, 2010-Ohio-1533, 926 N.E.2d 634, ¶ 21 (there is a "heavy presumption" against the constitutional validity of prior restraints).

{¶26} The third assignment of error is with merit.

{¶27} While the disposition of the third assignment of error requires remand, we will briefly address the first assignment of error for purposes of judicial economy. In the first assignment of error, Corsi alleges that the injunction

---

[2]. We note that the second temporary restraining order was actually issued by the court on January 30, 2017. Regardless, Corsi should not be subjected to a violation of his due process rights when there are mechanisms in place to protect his rights as well as those of the party seeking an injunction.

11

acts as a prior restraint on his speech and, thus, violates his First Amendment rights.

{¶28} Generally, a "trial court's decision to grant or deny a preliminary injunction is reviewed for abuse of discretion." *Avery Dennison Corp. v. TransAct Technologies*, *Inc.*, 11th Dist. Lake No. 2012-L-132, 2013-Ohio-4551, ¶ 13. Constitutional questions, including the application of the First Amendment, however, are reviewed under a de novo standard. *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 508, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984); *State v. Baranski*, 173 Ohio App.3d 410, 2007-Ohio-4072, 878 N.E.2d 1058, ¶ 6 (4th Dist.).

{¶29} "The term prior restraint is used 'to describe administrative and judicial orders *forbidding* certain communications when issued in advance of the time that such communications are to occur.'" (Citation omitted.) *Seven Hills v. Aryan Nations*, 76 Ohio St.3d 304, 307, 667 N.E.2d 942 (1996).

{¶30} "Although prior restraints are not unconstitutional per se, there is a heavy presumption against their constitutional validity." *Toledo Blade*, 125 Ohio St.3d 149, 2010-Ohio-1533*,* 926 N.E.2d 634, at ¶ 21. "[P]rior restraints on speech and publication are the most serious and least tolerable infringement on First Amendment rights." *Nebraska Press Assn. v. Stuart* (1976), 427 U.S. 539, 559, 96 S.Ct. 2791, 49 L.Ed.2d 683. "'Prior restraints are simply repugnant to the basic values of an open society' in that they 'tend to *encourage* indiscriminate censorship in a way that subsequent punishments do not.'" (Citation omitted.) *Toledo Blade* at ¶ 21.

{¶31} In the present case, the trial court's order prevents Corsi from "contacting in any manner any of the various businesses, individuals, charities, social organizations, clients, prospective clients, employers, government agencies, FINRA, State of Ohio, business partners, associates of Plaintiff *and the general public* until further order of this court." (Emphasis added.) Following that provision, the order states that it "specifically restrains and enjoins Defendant from engaging in malicious, defamatory, libel and tortious conduct against Plaintiff" within the United States. It appears that, at the least, Corsi cannot contact anyone *about or in relation to* Puruczky, although the order also prevents him from contacting "the general public," without specific reference to whether this relates to Puruczky. Either way, Corsi is totally prevented from exercising his right to free speech, without regard for what this speech may be.

{¶32} While Puruczky argues that libelous and false speech are not protected, it bears repeating that the order also prevents him from "contacting" various individuals, separate from the specific requirements preventing certain types of speech. Regardless, while it is accurate that some types of speech are not protected, prevention of such speech typically is permissible after the court has "regularly conducted an independent review of the record both to be sure that the speech in question actually falls within the unprotected category and to confine the perimeters of any unprotected category within acceptably narrow limits in an effort to ensure that protected expression will not be inhibited." *Bose*, 466 U.S. at 505, 104 S.Ct. 1949, 80 L.Ed.2d 502. As the Ohio Supreme Court has emphasized, "[t]he judicial determination that specific speech is defamatory

13

must be made *prior* to any restraint." (Emphasis added.) *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). Here, the trial court did not make a specific finding that speech which had already taken place constituted libel or defamation and cannot assume that future speech will fall into such a category. Corsi is being improperly deprived of the right to speak before a substantive determination of the permissibility of his speech on the merits has been made by the court. The likelihood of success determination for a preliminary injunction does not meet that standard. *Id.*

{¶33} To the extent the lower court granted preliminary, injunctive relief prior to a final determination that Corsi's alleged letter is defamatory, the relief granted is improper. *See O'Brien*, *supra*.

{¶34} Further, the injunction prevents Corsi from essentially interacting with not only various entities but the public as a whole in relation to Puruczky. This is not a minor restriction on his speech but an all encompassing prohibition on expressing concerns "to the public" on a matter which Corsi views as of significant interest, Puruczky's alleged dishonest and improper conduct. It has been noted that an individual does not have an interest "in being free from public criticism of his business practices" by obtaining an injunction against an individual distributing leaflets or pamphlets criticizing the business. *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419, 91 S.Ct. 1575, 29 L.Ed.2d 1 (1971). Here, the broad limitations contained in the injunction would prohibit such conduct by Corsi.

{¶35} Since the trial court's order acts as a broad, prior restriction on

14

Corsi's speech to the public and private entities, that portion of the injunction violates his First Amendment rights.

{¶36} The first assignment of error is with merit to the extent discussed above.

{¶37} In light of our ruling on assignments of error one and three, the second assignment of error is moot.

{¶38} Given the foregoing, the February 15, 2017 Order of the Court is reversed and this matter is remanded for the lower court to hold a hearing, pursuant to *O'Brien, supra,* on an injunction, excepting public speech, with proper and adequate notice of the hearing date to be provided to all parties.

{¶39} For the foregoing reasons, the February 15, 2017 Order of the Geauga County Court of Common Pleas is reversed and vacated. This matter is remanded for further proceedings consistent with this decision. Costs to be taxed against appellees.

THOMAS R. WRIGHT, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.