[Cite as *In re S.D.*, 2023-Ohio-1645.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                      |   |                          |
|----------------------|---|--------------------------|
| IN RE: S.D.          | : | APPEAL NO. C-220483      |
|                      |   | TRIAL NO.   F18-1396X    |
|                      | : |                          |
|                      | : | *O P I N I O N.*         |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: May 17, 2023

*Christopher P. Kapsal*, for Appellee Mother,

*Father*, pro se.

CROUSE, **Presiding Judge.**

{¶1}   Appellant mother requests reversal of the juvenile court's order granting custody of S.D. to appellee father. In two assignments of error, mother argues that the juvenile court abused its discretion in awarding custody to father because it violated mother's due-process rights of notice and an opportunity to be heard and that the court failed to apply the correct legal standard in its custody decision.

{¶2}   After a thorough review of the record, we hold that mother's due-process rights were violated, and the juvenile court abused its discretion by divesting mother of legal custody.

## *I. Factual and Procedural History*

{¶3}   S.D. was previously adjudicated dependent and placed in the temporary custody of the Hamilton County Department of Job and Family Services ("HCJFS"). After mother's cooperation with HCJFS and participation in case-plan services, the juvenile court remanded custody to mother in July 2020. The court ordered that father was entitled to reasonable visitation.

{¶4}   In December 2021, father initiated contempt proceedings against mother, alleging that she had not permitted visitation as ordered. Father also filed a motion for visitation. Mother missed the first hearing on father's motions, but she attended the second hearing. In May 2022, when father did not attend the third hearing on his motions, the court dismissed his motions without prejudice.

{¶5}   In June 2022, Father filed a motion for custody of S.D. and a request for an emergency hearing. At the emergency hearing, the magistrate denied father's request for emergency custody and scheduled a pretrial hearing on the custody motion for July 19, 2022.

**{¶6}** Mother and father both appeared at the July 19 hearing, which was conducted remotely via Zoom videoconference. After a lengthy exchange between mother and father, the magistrate interrupted and stated:

Okay. Your trial date is August 1 at ten. I put you both on mute.

And I'll hear from you with sworn testimony at that date and time.

Thank you, folks. Good luck on working this out.

The magistrate then answered father's question about presenting evidence. After that, the magistrate ended the hearing.

**{¶7}** On the morning of August 1, the magistrate conducted the custody trial in person. Father appeared, but mother did not. The magistrate noted that mother had not appeared but made no further comment about mother's status. After taking testimony from father, the magistrate granted father's motion for custody.

**{¶8}** Later that day, mother, acting pro se, filed a motion for custody and a request for an emergency hearing. That same day, mother appeared at an ex-parte hearing on her motion before a different magistrate. Mother testified that she was unaware that the trial had been scheduled for that morning. She testified that she did not hear the date set at the end of the July 19 hearing, and no written notice had been mailed to her. Mother explained that she did not find out about the trial until after it had concluded, when she called her cousin, who had been watching S.D., to discuss another matter. Her cousin informed her that father had been granted custody that morning. Mother also testified to various conditions in support of returning custody of S.D. to her.

**{¶9}** The magistrate denied mother's motion because mother had not demonstrated that S.D. was at imminent risk of serious emotional or physical harm.

The magistrate then informed mother that the proper recourse would be to file objections to the magistrate's custody decision. The magistrate stated, "I can't grant this motion, but I think the situation is very concerning, and there's a lot of things going on at a lot of different levels."

{¶10} The next day, mother filed a motion to set aside the magistrate's decision. Mother followed this with written objections to the magistrate's decision on August 11. In both filings, mother addressed the lack of notice of the August 1 trial date. Mother also made factual assertions suggesting that father's custody of S.D. is not in S.D.'s best interest and challenged the merits of the magistrate's custody decision.

{¶11} On September 2, the juvenile court held a hearing on mother's motion to set aside and her objections to the magistrate's decision. At the objections hearing, mother was represented by counsel. Father appeared pro se. The court limited argument to the issue of notice and would not take additional evidence on the merits of the custody decision.

{¶12} At the hearing, mother established that the court had not been sending documents to her correct address, but rather had been sending mail to her old address that was not forwarded. Mother testified that she had learned of the July 19 hearing from her caseworker, "maybe 10 hours before the court date." Mother testified that the Zoom audio connection was not very good during the hearing. Mother claimed that she had not been able to hear the trial date, and then because the magistrate had put her on mute, she could not alert the court to the fact that she had not heard. Finally, mother testified that she did not receive notice of the hearing by mail. The court's docket confirms that no notice of the August 1 trial date was sent to mother or father.

{¶13} Following the hearing, the court denied mother's objections. The court

4

found that "[t]he Magistrate clearly identified the date for trial in the July 19, 2022 hearing which Mother participated in." The court also found that there was sufficient evidence to permit the magistrate to decide custody in favor of father. Accordingly, the court adopted the magistrate's decision and granted custody of S.D. to father.

{¶14} Mother timely appealed the juvenile court's order.

## II. Analysis

{¶15} In her first assignment of error, mother argues that "[t]he Juvenile Court abused its discretion by divesting mother of legal custody when only an ex-parte trial was conducted, and pre-trial procedures required by local rule and due process had not been complied with, resulting in a lack of proper inquiry into adequate notice to appellant and of her right to counsel."

{¶16} Mother argues that she was denied her right to due process because she lacked adequate notice of the custody trial. Mother also argues that the juvenile court did not make her aware of her right to counsel in the custody proceedings, in violation of the local rules in effect at the time. Mother contends that the juvenile court had the opportunity to correct the due-process issue at the hearing on mother's objections, but instead chose to only allow additional evidence regarding the notice issue.

{¶17} This court reviews custody decisions of the juvenile court for an abuse of discretion. *Bohannon v. Lewis*, 1st Dist. Hamilton Nos. C-210316 and C-210332, 2022-Ohio-2398, ¶ 14. As such, this court must affirm the decision below "unless the court has exercised its discretionary judgment over the matter in an unwarranted way or committed legal error." *State v. A.S.*, 2022-Ohio-3833, 199 N.E.3d 994, ¶ 5 (1st Dist.), citing *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. We employ a de novo review in matters alleging a violation of due process.

*Puruczky v. Corsi*, 2018-Ohio-1335, 110 N.E.3d 73, ¶ 17 (11th Dist.).

{¶18} Due process requires both notice and an opportunity to be heard. *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, 875 N.E.2d 582, ¶ 13. " 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Id.*, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

{¶19} The juvenile court held that "[t]he magistrate clearly identified the date for the trial in the July 19, 2022 hearing which Mother participated in." We agree that the magistrate did state the trial date on the record. However, the issue before the juvenile court was that mother claimed, under oath, that she did not hear this date and did not receive notice of the date. The juvenile court failed to address the issue of whether mother lacked notice of the custody trial date.

{¶20} After reviewing the record, we are persuaded that mother lacked notice of the custody trial date. The court's docket confirms that no notice was sent by mail or other means by the court. The only opportunity mother had to be informed of the date was the single statement from the magistrate at the Zoom pretrial hearing. The transcript of that hearing shows that mother was having audio difficulties, and mother testified to that fact at the objections hearing. The transcript also shows that the magistrate made no effort to confirm that the parties had actually heard the date and time set for the trial. In addition, when mother became aware that the trial had been conducted without her presence, she filed an emergency motion for custody and appeared before a magistrate that same day.

**{¶21}** Taking into account the remote nature of the pretrial hearing, the magistrate's failure to confirm that the parties had heard the date, the lack of any other form of notice provided by the court, mother's immediate action upon learning about the custody decision, and mother's uncontested, sworn testimony at the objections hearing, we find that mother was not afforded adequate notice of the custody trial before the magistrate.

**{¶22}** "Under Juv.R. 40(D)(4)(b), in ruling on objections, a juvenile court may 'take additional evidence, or return a matter to a magistrate.' " *In re M/W Children*, 1st Dist. Hamilton No. C-180623, 2019-Ohio-948, ¶ 38. Upon learning that mother did not attend the custody trial because she did not hear the magistrate state the trial date on the record and did not receive notice by mail, the juvenile court had the opportunity to correct this problem at the objections hearing. It could have either taken additional evidence on the merits of the custody motion or returned the matter to the magistrate to do the same. But the juvenile court made clear that it would only take evidence on the notice issue.

**{¶23}** In light of the fact that mother did not receive notice of the magistrate trial date, we find that it was an abuse of discretion for the juvenile court to overrule mother's objections without taking additional evidence or at a minimum, returning the matter to the magistrate. *See, e.g., id.* at ¶ 38 (holding that the juvenile court "could have conserved substantial judicial resources while causing little inconvenience to the parties or the court" by permitting additional testimony on the merits at the objections hearing).

**{¶24}** Because mother lacked adequate notice of the custody trial, it was an abuse of discretion to award custody to father.

### III. Conclusion

{¶25} For the foregoing reasons, we sustain mother's first assignment of error, reverse the judgment of the juvenile court, and remand the cause for further proceedings. Because the first assignment of error is dispositive, the second assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

Judgment reversed and cause remanded.

ZAYAS and KINSLEY, JJ., concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.